EQUITABLE TRUST COMPANY ET AL. V. JAMES JACKSON ET UX.

No. 6821. Decided February 17, 1937.
(101 S. W., 2d Series, 552.)

*Coke & Coke, James F. Murphy* and *Thompson, Knight, Baker & Harris,* all of Dallas, for appellant.

*Lyle Saxon* and *J. E. Burkholder,* both of Dallas, for appellees.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

It is not necessary to set out the certificate of the Court of Civil Appeals in full. The substance thereof will be sufficient.

On December 28, 1933, appellees, James Jackson and wife, filed suit in the 101st District Court of Dallas County against appellants, Equitable Trust Company and others. The general purpose of the suit was to recover penalties arising out of an alleged payment of usurious interest, cancellation of interest provisions in certain notes and the deed of trust securing same, and for an accounting. This suit was numbered 6426-E. On July 10, 1934, appellees filed another action in the same court against the defendants in cause No. 6426-E, and an additional party, which action was in the nature of a bill of discovery, as provided for in Article 2002 of the Revised Statutes of 1925. This action was numbered 10116-E. After reciting in detail the cause of action asserted in cause No. 6426-E, appellees prayed for relief requiring defendants to make answer to certain interrogatories attached to the petition; that they be required to produce books, records, accounts, correspondence, etc., relating to the subject matter of the original suit; that they be required to keep such books, records, etc., within the jurisdiction of the court, and that the court appoint an auditor to audit such books, accounts, etc.

Upon hearing, after notice and answer, the petition was granted, the order of the court in substance being that defendants make true, correct and faithful answers to the interrogatories attached to the petition for bill of discovery, that they

submit and deliver to the clerk all books, records, accounts, etc., pertaining to and affecting the loan involved in cause No. 6426-E, which records and books were to be delivered by the clerk to the auditor appointed by the court; and that such books, records, etc., be kept by defendants within the jurisdiction of the court, and to be subject at reasonable times and places to such further inspection, examination and audit as may be necessary in furtherance of the litigation.

Notice of appeal was given, and an appeal prosecuted to the Court of Civil Appeals for the Fifth Supreme Judicial District. That court has certified to the Supreme Court the following questions:

"FIRST: Is an order of a district court, predicated upon a petition for a bill of discovery, appealable, where the nature of the bill and the order are merely in aid of a suit pending on the merits and the petition is filed and docketed separate and distinct from that of the suit?

"SECOND: Does an order of a district court on a petition for bill of discovery take the nature of a final appealable order as to a party thereto and who is not a party to the suit for which the bill of discovery is brought in aid of the merits, where the petition alleges that such party is a necessary and proper party to the suit and will be made a defendant by amended petition?"

The article of the statute in question is as follows:

"All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies."

**1, 2** Without undertaking to define the full scope of said article, we will state, as applicable to the facts of this particular case, that a bill of discovery is usually understood as a bill for the discovery of facts resting in the knowledge of an opposing party, or of deeds, writings, records or other things in his custody or power, necessary for the proper prosecution or defense of a cause of action then pending, or about to be brought, seeking no relief in consequence of the discovery as regards the merits of the controversy, but seeking the discovery in aid of some other proceeding wherein the discovery is necessary. 18 Corpus Juris, page 1057. In England such a bill originated because under the inflexible rules of the common law there were no means provided by which one party in a law action could obtain the testimony of the adverse party or compel the production of documents in his possession. Under the English system, where the separation of equity courts

from common law courts was absolute, a bill of discovery brought in a court of equity was necessarily an independent action, and came to an end when the discovery was made. The real cause was never brought to a hearing in the equitable action, but necessarily had to be tried in the common law court, and use of the answer obtained by the bill was allowed there. Under our blended system, a bill of discovery, such as is involved in the particular case, although brought as an independent action, is essentially a part of the main suit in aid of which it is brought; and consequently such proceeding is necessarily interlocutory. In the absence of a statutory allowance of appeal from such a proceeding, it is not subject to a separate appeal, but is reviewable after final judgment in the cause it was intended to aid.

The Supreme Court in refusing the writ of error in the case of Texas Wheat Growers' Association v. Gough, 70 S. W. (2d) 818, intended to settle this precise question. We, therefore, answer the first question in the negative, and this makes it unnecessary to answer the second question.

Opinion adopted by the Supreme Court February 17, 1937.