## LAMBERT v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 12775.

Court of Civil Appeals of Texas. Dallas.

Oct. 22, 1938.

Roy W. McDonald, of Dallas, for appellant.

Lawther & Cramer, of Dallas, for appellee.

LOONEY, Justice.

On March 22, 1938, W. W. Lambert, an employe of Dallas Cotton Mills Company, sustained physical injuries while in the course of his employment, and on May 14, 1938, his claim against Texas Employers' Insurance Association, the insurance carrier, was pending before the Industrial Accident Board. On May 24, 1938, prior to the rendition by the Board of its final decision (which was on June 6, 1938), anticipating the probable necessity of instituting a suit to set aside the final decision of the Board and being desirous of perpetuating the testimony of Wilburn Coldiron, a witness, Lambert filed in the court below (where such suit could be instituted) a written statement, setting out the facts sufficiently and giving the name and residence of the Association, the adverse party, upon whom a copy of the statement and a writ or notice were duly served. The statement and notice were, in form and substance, in compliance with the provisions of art. 3742, R.S., Vernon's Ann.Civ.St. art. 3742, by authority of which the proceedings were had and, in addition, at the same time, there was issued and served upon the adverse party notice of an intention to apply for the issuance of a commission to take the oral deposition of the witness Coldiron, to be used in such anticipated suit. The latter notice and service were had in accordance with the provisions of art. 3739, R.S. On May 19, 1938, Texas Employers' Insurance Association filed a motion to quash the notice served upon it, on the ground that it

did not contain the requisites of a regular citation, as prescribed by statute. This motion was pending when the commission was issued and the deposition taken and filed, and thereafter the Association, subject to its prior motion to quash the notice, moved to suppress the deposition on the alleged grounds that the commission was illegally issued, and that no order of court was made permitting the taking of the deposition. On July 16, 1938, the court sustained these motions, quashed the writ or notice, suppressed the deposition, and dismissed the entire proceedings, on the idea that, Lambert having in the meantime (on June 23, 1938) filed the anticipated suit, which was then pending in the court below, the matters involved in the proceedings to perpetuate testimony became moot. From the order of court suppressing the deposition and dismissing the proceedings, Lambert appealed.

■ Although the question has not been raised, we think it perfectly obvious that the order of court sought to be reviewed is interlocutory in nature and not appealable. A proceeding to perpetuate testimony is not of itself an independent suit, but just a method of taking depositions of witnesses in aid of and incident to an anticipated suit. This conclusion, we think, is inescapable from the language of the statute. Art. 3742, by authority of which testimony may be perpetuated, is found in Title 55 of the Statutes, under the heading "evidence", and is a part of subdivision 2 of the Title, devoted to the subject of depositions. The first article of subdivision 2 (3738) provides that: "Depositions of witnesses may be taken when the party desires to perpetuate the testimony of a witness, and, in all civil suits heretofore or hereafter brought in this State, * * *." The statute directly is art. 3742, providing that: "When any person may anticipate the institution of a suit in which he may be interested, and may desire to perpetuate the testimony of a witness to be used in such suit, he, his agent or attorney, may file a written statement in the proper court of the county where such suit could be instituted, representing the fact and the names and residences, if known, of the persons supposed to be interested adversely to said person; a copy of which statement and writ shall be served on the persons interested adversely; * * * after which the depositions of such witnesses may be taken and returned by the parties making the said statement in the form and under the rules prescribed for

taking testimony by deposition; and such testimony may be used in any suit which may be thereafter instituted by or between any of the parties to the statement, or those claiming under them, in like manner as if such depositions had been taken after the institution of such suit. * * * When such suit has been instituted, all such depositions so taken and returned shall be subject to the like exceptions as other depositions."

■ We have been furnished with no precedent or authority justifying this appeal, nor do we think any can be found; but, this is not to say that, the action of the trial court, in suppressing the deposition, may not be reviewed in a proper proceeding. The deposition became an essential part of the anticipated suit when it was filed, and the action of the court in suppressing same may be brought up for review, after final judgment in the suit in aid of which the deposition was taken, as in other cases.

As before stated, the question under consideration has not been decided, but in an analogous proceeding had under the bill of discovery statute (art. 2002), the rule was announced that, where the statute is invoked for the purpose of discovering facts in aid of a pending suit, the proceedings, although assuming the form of an independent action, nevertheless is essentially a part of the main suit in aid of which it was brought, and that the orders of court entered with reference thereto, being interlocutory in nature, are not appealable, but may be reviewed after final judgment in the suit the discovery was intended to aid. See Equitable Trust Co. v. Jackson, 121 Tex. 2, 101 S.W.2d 552; Humble Oil & Ref. Co. v. Pitts, Tex.Com.App., 108 S. W.2d 910. So, being without jurisdiction, the appeal must be dismissed.

■ However, we have duly considered the grounds urged in support of the action of the court and, if called upon in a proper proceeding to review its action, would hold same erroneous. In short, the contention is that, a proceeding to perpetuate testimony is an independent suit, and that before any action thereunder is had, the adverse party must be served with a regular citation as in other suits. We do not think so. We have just expressed our view to the effect that, such a proceeding, of itself, is not a suit, but merely ancillary to the anticipated suit, if and when instituted. Under the statute, a person, anticipating the probability of instituting a

408

civil suit, by complying with the provisions of art. 3742, would be entitled, as a matter of legal right and without an order of court, to have issued a commission authorizing the taking of the deposition with the view of perpetuating testimony.

[5-7] The suggestion is made, however, that depositions may be taken before the Industrial Accident Board and that a proceeding to perpetuate testimony such as the one here involved does not lie while the matter in aid of which the testimony is to be used is pending before the Board. This proposition, in our opinion, is unsound. Depositions are only authorized to be taken in aid of suits pending in court, or in aid of anticipated suits. The Industrial Accident Board is not a court; filing a claim therein for compensation is not the institution of a suit, which, if instituted at all, is only after the Board shall have made its final decision; this, the statute directs in explicit terms (art. 8307, § 5, Vernon's Ann. Civ.St. art. 8307, § 5). Although there are provisions to the effect that, either member of the Board may subpoena witnesses, administer oaths, and inquire into the question in dispute (art. 8307, § 4, Vernon's Ann.Civ.St. art. 8307, § 4), the Board is without authority to either take or authorize the taking of depositions; but even if taken, the testimony would not be admissible in evidence on trial of the suit subsequently instituted.

Appellant is not without his remedy, as the action of the court may be reviewed as a part of the main case, after final judgment is rendered therein. For reasons heretofore stated, the appeal is dismissed.

Appeal dismissed.