**DALLAS JOINT STOCK LAND BANK v.
RAWLINS, Judge, et al.**

**No. 12864.**

Court of Civil Appeals of Texas. Dallas.
May 6, 1939.

Lawther, Cramer, Perry & Johnson, of
Dallas, for relators.

E. G. Moseley, Harold McCracken, and
David M. Weinstein, all of Dallas, for
respondent.

LOONEY, Justice.

The State of Texas, acting by and
through Ed Cobb, Assessor and Collector
of Taxes in and for Dallas County, and
Andrew Patton, Criminal District Attor-
ney of said County, each acting in his offi-
cial capacity, filed suit in the nature of a
Bill of Discovery against the Dallas Joint
Stock Land Bank of Dallas, having its prin-
cipal office, records, etc., in the City of
Dallas, seeking to obtain the names and
addresses of its stockholders who resided in
Dallas County on the first days of Janu-
ary of each of the years beginning with
1931, to and including 1938; the infor-
mation sought was to enable Relators to
demand payment of, and sue, if necessary,
said stockholders for the recovery of taxes
alleged to be due the State and the County
of Dallas for the years named; alleging
that, the unknown owners of said stock
had failed and refused to either disclose
their identity, or render the stock for tax-
ation, and that Respondent, the Bank, al-
though requested by Relators, had refused

to furnish said information, same being sought solely for the purpose of enforcing the tax laws. of the State, and to compel the owners of the stock to pay taxes due thereon for the years named.

. The Respondent answered by a general and special exception, general denial, and specially plead, among other defenses, that it was a Governmental agency, created under the Acts of the Congress, known as the Federal Farm Loan Act, 12 U.S.C.A. § 641 et seq.; that the alleged assessment against the unknown stockholders of Respondent was unauthorized, irregular and invalid, and that no cause of action would lie. against the stockholders by reason of the facts alleged.

On hearing, the court below overruled the demurrers urged by the Respondent, denied the special defenses plead, and granted the relief sought by Relators; that is, by its order entered, the court required the Respondent to answer interrogatories, as follows: "Interrogatory Number One: State, as revealed by your books and records, the names and addresses of the stockholders of The Dallas Joint Stock Land Bank of Dallas, who resided in Dallas County, Texas, on the first day of January, for each of the following years: 1931, 1932, 1933, 1934, 1935, 1936, 1937, and 1938?" "Interrogatory Number Two: State, as revealed by your books and records, the amount and number of shares held by each of such stockholders as asked for in the foregoing interrogatory, as of the first day of January, 1931, 1932, 1933, 1934, 1935, 1936, 1937, and 1938?" The Respondent. excepted, gave notice of and perfected this appeal by filing a cost bond, and, desiring to suspend the execution of the order, filed a motion, requesting Honorable Jno. A. Rawlins, District Judge presiding, to set the amount of the. supersedeas bond to be given, which was refused, because the trial judge was of opinion that the order was interlocutory in nature and not appealable.

In this situation, Respondent, alleging in detail the occurrences, prays this Court to issue a writ of mandamus, requiring the trial judge to set the amount of the supersedeas bond to be given, in order that Respondent may suspend the execution of the order pending the appeal.

■■ Generally speaking, a bill of discovery is a proceeding by a party against an adversary, for the discovery of facts within the knowledge of the adversary, or documents, writings, or other things within his possession or power, to be used either offensively or defensively in a pending or contemplated action. However, it has been repeatedly held that, where it is sought to discover the name or names of persons against whom an action is maintainable and is contemplated, as in the instant case, courts, in the exercise of their equity jurisdiction, may entertain a bill for such purpose against a Respondent, who, although in no sense liable in regard to the matter giving rise to the contemplated action, yet acquires knowledge of the facts sought while acting for or with those against whom liability is claimed, as in the case at bar, the Respondent, a corporation, in a sense the representative of its stockholders, acquires knowledge of, and possesses the records that reveal the information sought. See Post v. Toledo, 144 Mass. 341, 11 N.E. 540, 59 Am.Rep. 86; Kurtz v. Brown, 3 Cir., 152 F. 372, 11 Ann. Cas. 576, and the authorities cited in Note; also, see 9 R.C.L. 173, Sec. 11.

If the order of court requiring Respondent to answer the interrogatories is to be regarded as merely incidental to the contemplated suits, when instituted, against the unknown stockholders, clearly, such order would be interlocutory and not appealable, but, if considered a final judgment, it is appealable under Article 2249, R.S., Vernon's Ann.Civ.St. art. 2249, and its execution may be suspended pending the appeal.

■■ The only question before us is the appealability of the order. The rule is now definitely settled that, an order in a bill of discovery suit, requiring an adversary to answer interrogatories, produce books, records, etc., in aid of a pending suit, is not appealable, but, as an incident to the main suit, is reviewable after final judgment in the cause it is intended to aid. This rule was announced by the Supreme Court in Equitable Trust Co. v. Jackson, 129 Tex. 2, 101 S.W.2d 552. However, the Beaumont Court seems to have previously held to the contrary in the case of Samuels v. Finkelstein, Tex.Civ.App., 25 S.W.2d 923, but as the rule announced in that case is in conflict with the rule announced by the Supreme Court in Equitable Trust Co. v. Jackson, supra, it must yield to the su-

perior authority of the Supreme Court on the law.

■ In a bill brought in aid of a contemplated suit, the El Paso Court of Civil Appeals held that, an order requiring disclosures and the production of books, records, etc., was a final judgment and appealable. Clark v. Employers' Cas. Co., Tex.Civ.App., 68 S.W.2d 226. Since the rule subsequently announced by the Supreme Court in Equitable Trust Co. v. Jackson, supra, and the reason stated for the holding, we see no reason why the same rule should not apply to orders entered in discoveries sought in aid of contemplated suits, in that, such an order necessarily would become an essential part of the main suit, if and when filed, therefore, reviewable after final judgment in the suit in aid of which the discovery was sought.

But a similar order in a discovery suit by a judgment creditor against the judgment debtor presents a different question. In such a bill, the creditor, alleging that all legal remedies had been exhausted, and, failing to discover assets belonging to the judgment debtor, subject to execution, prayed for an order requiring the debtor to make full disclosure of his assets, etc. The case was dismissed by the trial court on general demurrer, but was reversed by the El Paso Court of Civil Appeals, holding that the bill alleged grounds entitling the creditor to the relief sought. See White v. National Paving Co., 101 S.W.2d 588. While no question was raised as to the appealability of the order, we think it was appealable, because it is obvious that, the discovery sought was an end within itself, and not merely an incident to either a pending or contemplated suit, hence could not have been reviewed otherwise than by an appeal from the order itself.

■ In the instant case, the corporation was required to answer the interrogatories propounded (necessarily through an officer having knowledge of the facts and in possession of the records), and no other relief against it was either sought or in contemplation; hence we think that, compliance with the order was an end within itself, a finality; therefore, appealable. It follows that, in our opinion, Respondent was entitled to appeal from the order and suspend its execution pending the appeal. Therefore, the writ of mandamus will issue as prayed.