## WITTLIFF et al. v. LACHS.
### No. 11560.

Court of Civil Appeals of Texas.
San Antonio.
Sept. 19, 1945.

Rehearing Denied Oct. 24, 1945.

Park & Park, of Corpus Christi, for appellants.

B. H. Kirk, of Robstown, and Howell Ward, of Corpus Christi, for appellee.

NORVELL, Justice.

Appellee, Philipp Lachs, filed a petition for a bill of discovery in accordance with the provisions of Rule 737, Texas Rules of Civil Procedure. A. R. Wittliff and Alex Wittliff (appellants here) were named as defendants below. The petition alleged that Lachs had brought an action against the Wittliffs seeking damages for breach of contract. The bill of discovery was brought in aid of such action for breach of contract.

Upon being presented with the petition, the trial judge entered the following order:

"The foregoing petition being presented to me this 14th day of July, 1945, and it appearing that probable cause therefor exists, it is ordered that the defendants, A. R. Wittliff and Alex Wittliff, appear before me on July 19, 1945, at 10 o'clock a.m. in the Courtroom of the 94th District Court for examination as in ordinary trials.

"A copy of the petition and this order duly certified by the Clerk of this Court shall be served forthwith upon each of defendants."

From the order above set out, the appellants sought to perfect an appeal to this Court by giving notice of appeal and filing an appeal bond.

Appellee has moved to dismiss the appeal for the reason that "the order undertaken to be appealed from is not such a final judgment as to permit appeal therefrom to this Court."

The authority cited by appellee fully sustains his position. In Equitable Trust Company v. Jackson, 129 Tex. 2, 101 S.W. 2d 552, 553, the Supreme Court said:

"Under our blended system, a bill of discovery, such as is involved in the particular case, although brought as an independent action, is essentially a 'part of the main suit in aid of which it is brought; and consequently such proceeding is necessarily interlocutory. In the absence of a statutory allowance of appeal from such a proceeding, it is not subject to a separate appeal, but is reviewable after final judgment in the cause it was intended to aid."

Appellee's motion is granted and the appeal dismissed.