**W. L. MOODY, III, Appellant,**

v.

**The MOODY NATIONAL BANK OF GALVESTON et al., Appellees.**

**No. 13099.**

Court of Civil Appeals of Texas.

Galveston.

May 9, 1957.

Rehearing Denied June 6, 1957.

P. H. Swearingen and Carl Wright Johnson, San Antonio, Russel H. Markwell, Galveston, and Fred Parks, Houston, for appellant.

Dan Moody, Austin, Dibrell, Dibrell & Greer, Armstrong, Bedford & Lambdin and Griffith D. Lambdin, Galveston, for appellees.

HAMBLEN, Chief Justice.

This suit was instituted by appellant in the District Court of Galveston County as a discovery proceeding brought under the provisions of Rule 737, Texas Rules of Civil Procedure in aid of a contemplated suit to set aside the order probating the will of W. L. Moody, Jr., which had been admitted to probate in the Probate Court of Galveston County on August 10, 1954. Appellant alleged, and the record reflects, that on January 9, 1956, he filed in the Probate Court of Galveston County a statement to perpetuate testimony pursuant to Rule 187, T.R.C.P. in anticipation of such suit. This statement to perpetuate testimony was amended on February 27, 1956. On June 4, 1956, this present proceeding was filed in the District Court of Galveston County. In answer thereto appellees filed a plea to the jurisdiction of the District Court to entertain the discovery suit and various pleas in abatement including one addressed to the proposition that all parties defendant in the suit (which was filed in the Probate Court on August 1, 1956) were necessary parties to the discovery proceeding. The trial court overruled appellees' plea to the jurisdiction but sustained their plea in abatement above mentioned. Upon appellant's failure to make additional

parties in conformity with such ruling, the cause was dismissed by the court.

In his brief appellant states that the sole question involved is whether or not all of the beneficiaries under a will are necessary parties to a discovery proceeding in the District Court brought by one of the heirs in aid of his contemplated or pending suit to set aside the order of the court admitting the will to probate. His three points are addressed to the asserted error of the trial court in sustaining appellees' plea in abatement. Appellees on the other hand, in addition to answering appellant's argument presented under such points of error, also seek to support the judgment of dismissal upon the proposition that the District Court had no jurisdiction of the suit to do other than dismiss it. We are of the opinion that the appellees are correct in both propositions and that the judgment of dismissal should be affirmed.

Both questions presented are largely of first impression. The litigants have filed learned and exhaustive briefs in support of their respective contentions which have been of great aid to this Court in reaching the conclusions which we state. To undertake to analyze the historical and philosophical rationale of their respective arguments would unduly extend this opinion and would exceed the function of this Court as we construe Rule 451 et seq., T.R.C.P. Our conclusions upon the jurisdictional question rest upon the following basis.

Rule 737, T.R.C.P. is as follows:

"All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies. In actions of such nature, the plaintiff shall have the right to have the defendant examined on oral interrogatories, either by summoning him to appear for examination before the trial court as in ordinary trials, or by taking his oral deposition in accord-

ance with the general rules relating thereto."

■ It appears to be conceded by the litigants either expressly or by necessary implication that discovery proceedings may properly be instituted only when such proceedings are ancillary to or in aid of pending or contemplated litigation. See Equitable Trust Co. v. Jackson, 129 Tex. 2, 101 S.W.2d 552.

The instant proceeding was instituted in aid of a suit at first contemplated and later filed. Such suit was filed in the Probate Court, which court has exclusive original jurisdiction thereof. Article V, Sec. 16, Constitution of the State of Texas, Vernon's Ann.St. Sec. 4, Texas Probate Code, V.A.T.S.

■ Within its constitutional jurisdiction the Probate Court is a court of general jurisdiction. Easterline v. Bean, 121 Tex. 327, 49 S.W.2d 427; Shook v. Journeay, Tex.Civ.App., 149 S.W. 406; and Mason & Mason v. Brown, Tex.Civ.App., 182 S.W.2d 729. As a court of general jurisdiction, the probate court has inherent powers necessary to effectuate such jurisdiction and is entitled to all of the rights in regard to probate matters coming before it as a district court has with reference to matters within its jurisdiction. 21 C.J.S. Courts § 88, p. 136; and 21 C.J.S. Courts § 304, p. 550. In addition to such inherent power and with particular respect to discovery proceedings, Rule 2, T.R.C.P. expressly provides that Rule 737 shall govern the procedure in probate courts. The conclusion is inescapable that within its jurisdiction over probate matters including will contests the probate court has as much power, express and implied, to grant the relief sought under Rule 737, T.R.C.P. as does a district court in matters over which it has original jurisdiction, and that the appellant could secure from the probate court all of the relief which he seeks in this proceeding.

Rule 737, T.R.C.P. provides that all trial courts shall entertain discovery proceedings and grant relief therein "in accordance with the usages of courts of equity." It appears to be established law that "courts of equity will not entertain a bill for discovery to assist a suit in another court if the latter is of itself competent to grant the same relief; for in such a case the proper exercise of the jurisdiction should be left to the functionaries of the court where the suit is pending." Ex parte Boyd, 105 U.S. 647, 26 L.Ed. 1200. The quoted portion of the United State Supreme Court opinion is referred to by that court as a fundamental rule. In accordance with that rule, we hold that the district court in the instant case had no jurisdiction to entertain appellant's bill of discovery, but that on the other hand, in accordance with the usages of courts of equity the proper exercise of that jurisdiction should be left to the probate court where the suit is pending.

We further hold that the beneficiaries named in the will of W. L. Moody, Jr. are necessary parties to appellant's discovery proceeding. In 32 Tex.Jur., pg. 18, Sec. 11, it is said, " * * *. The governing motive of equity in the administration of its remedial system is to grant full relief, and to adjust in the one suit the rights and duties of all the parties, which really grow out of or are connected with the subject matter of that suit. Its fundamental principle concerning parties is that all persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested although indirectly, in the subject matter and the relief granted, that their rights, or duties might be affected by the decree, * * * shall be made parties to the suit."

We do not see how it can be seriously contended that the beneficiaries under the contested will are not interested either directly or indirectly in the discovery proceeding. Discovery proceedings have as their aim and purpose the administra-tion of justice. We do not feel that it was ever contemplated either by the Legislature or by the Supreme Court of this State that the inquisitorial powers effectuated by Rule 737, T.R.C.P. could be exercised in such manner as to deprive any interested parties of those immunities and privileges which are available to them in the trial of causes. We mention, for example, the privilege personal to every litigant to prevent the disclosure of confidential communications. That recognized right and privilege would patently be destroyed if it be held that all parties necessary to the principal case are not likewise necessary to the ancillary discovery proceeding. While other reasoning might be advanced, we consider the foregoing sufficient to support our holding that the trial court properly sustained appellees' plea in abatement.

Judgment affirmed.