Chester R. MORRIS, Appellant,

v.

Sam A. HOERSTER and John T. Middleton, Appellees.

No. 11108.

Court of Civil Appeals of Texas.

Austin.

May 29, 1963.

Rehearing Denied June 13, 1963.

See also 348 S.W.2d 642.

Chester R. Morris, San Antonio, pro se.

Waggoner Carr, Atty. Gen., Pat Bailey, Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Justice.

This is an appeal by Chester R. Morris from an adverse ruling of the trial court in his suit for a bill of discovery pursuant to Rule 737 and Rule 167, Texas Rules of Civil Procedure.

Appellant brought this action in an attempt to obtain information from certain records at the Austin State Hospital concerning his confinement there in 1956. Appellant alleges that this information is necessary in two suits that he has brought, one in Travis County and another in Bexar County. In his brief appellant states:

"Information in said records is needed immediately in Cause No. 128,451 in the 98th District Court of Travis County, Texas, Chester R. Morris v. Anthony P. Rousos and Medical Protective Company. * * * Said information is also needed in Cause No. F–150,020 in the 73rd District Court of Bexar County, Texas, Chester R. Morris v. Paul White, Arno Nowotny, Mrs. Olga Bredt and University of Texas and State of Texas."

This bill of discovery, even though brought as an independent action, is essentially a part of the main suits in aid of which it is brought and consequently such proceeding is necessarily interlocutory. Such a proceeding is not subject to a separate appeal. Equitable Trust Co. v. Jackson, 129 Tex. 2, 101 S.W.2d 552; Dallas Joint Stock Land Bank v. Rawlins, Tex. Civ.App., 129 S.W.2d 485, no writ history.

 Appellant's only recourse under the facts presented is by way of mandamus in the Supreme Court as this Court is without jurisdiction. Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434.

In view of our holding it becomes unnecessary to discuss other points raised by appellant in his brief.

Dismissed for want of jurisdiction.