**W. Howard LEE, Appellant,**

v.

**Hedy Lamarr LEE, Appellee.**

No. 14205.

Court of Civil Appeals of Texas.

Houston.

Nov. 14, 1963.

Rehearing Denied Dec. 12, 1963.

Jack Binion and Fletcher H. Etheridge, Houston, Butler, Binion, Rice & Cook, Houston, of counsel, for appellant.

Percy Foreman, Levert J. Able, Nick C. Nichols, Miller B. Walker, Jr., and Charles F. Cockrell, Jr., Houston, for appellee.

BELL, Chief Justice.

On September 8, 1961, appellee filed her amended statement pursuant to Rule 187, Texas Rules of Civil Procedure, seeking to perpetuate the testimony of certain named witnesses. The amended statement was filed because the trial court had held the original statement to be insufficient and had enjoined the taking of depositions. At the time of filing the amended statement, appellee filed her petition to dissolve the injunction theretofore granted. Appellant opposed such petition, but the trial court, after a hearing, dissolved the injunction. Appellant appealed to this Court from the order dissolving the injunction. After our jurisdiction over such appeal vested, we, on a petition for an original writ of injunction, granted an injunction enjoining the taking of the depositions until we and the Supreme Court could determine the merits of the appeal. This was done to preserve our jurisdiction over the appeal. Lee v. Lee et al., 355 S.W.2d 255. We then, on hearing the appeal, affirmed the action of the trial court in dissolving the injunction and the Supreme Court, finding no reversible error, refused a writ of error. Lee v. Lee et al., 359 S.W. 2d 654. Our mandate issued January 24, 1963.

While the above mentioned appeal was pending, the Supreme Court had, by amendment, made substantial changes in Rule 187. The amended rule was effective September 1, 1962.

On January 29, 1963, appellant filed what he denominated "Special Exceptions and Motion to Prohibit Depositions until Amendment." We need not notice such special exceptions but it will suffice to say that appellant took the position that since appellee had taken no steps, other than the filing of the amended statement, to take depositions, Rule 187 as amended applied, and the amended statement did not comply with the requirements of the amended rule. The special exceptions pointed out the alleged defects. Following the special excep-

tions there was a prayer asking for a hearing on the exceptions and motion; that the exceptions be sustained; and that the court order no depositions taken until appellee by amendment comply with the provisions of Rule 187. There was also a general prayer for relief.

A hearing was held and the court entered its order decreeing that appellant's "Special Exceptions and Motion to Prohibit Depositions until Amendment" be overruled. Appeal in this case is from this order.

We are of the view there is no final judgment and we are, therefore, without jurisdiction and the appeal must be dismissed.

■■ A proceeding to perpetuate testimony through the taking of depositions to be used in an anticipated suit is purely an ancillary matter. 34 Texas Law Review 319; Lambert v. Texas Employers' Ins. Ass'n, 121 S.W.2d 406 (C.C.A.), no writ history; Ramsey v. Gardner, 154 Tex. 457, 279 S.W.2d 584. The taking of the depositions is not an end within itself but is in aid of a suit which is anticipated. It is, therefore, analogous to bills of discovery in aid of suits and the cases holding appeals from orders allowing or refusing discovery in connection with a law suit are applicable to appeals from orders allowing proceedings to perpetuate testimony. These are held to be non-appealable. Equitable Trust Co. et al. v. Jackson, 129 Tex. 2, 101 S.W.2d 552.

Appellant relies on the case of Dallas Joint Stock Land Bank v. State ex rel. Cobb, 135 Tex. 25, 137 S.W.2d 993. That case was one where a bill of discovery was filed to ascertain the names of stockholders and the amount of stock held by them so that the State could assess stock for taxation. The Supreme Court approved the holding of the Court of Civil Appeals, holding the judgment granting discovery to be a final one and thus appealable. The Court of Civil Appeals, in an original proceeding, issued its mandamus to require the trial court in such case to fix a supersedeas bond. Dallas Joint Stock Land Bank v. Rawlins,

129 S.W.2d 485. As the Court of Civil Appeals pointed out, the sole object of the discovery proceeding was to obtain the names of the stockholders and the amount of stock they owned so the stock could be taxed. It did not seek evidence to be used in a pending law suit or a contemplated one. It is, therefore, inapplicable here.

■ We are of the view that the pleading filed by appellant was not intended as a petition for injunction. It certainly, in form, is not a petition for injunction. It asserts no facts, or even conclusions, which show any equity in appellant's favor which would entitle him to the equitable relief of injunction. We feel no construction can be given the pleading other than that it was one urging special exceptions and asking that appellee be required to amend her statement. The order entered amounts to nothing more than one overruling the exceptions and refusing to require an amendment of the statement.

The appeal is dismissed.