SOUTHWESTERN DRUG CORPORATION and Walter N. Kuntz, an individual, and Charles E. Major, an individual, Appellants,

v.

OFFICE EMPLOYEES INTERNATIONAL UNION LOCAL 277, AFL–CIO, and J. B. Moss, Appellees.

No. 4209.

Court of Civil Appeals of Texas.

Waco.

June 25, 1964.

Rehearing Denied July 16, 1964.

Sam Houston Clinton, Jr., Austin, for appellants.

Baker, Botts, Shepherd & Coates, V. R. Burch, Jr., Houston, Pannell, Dean, Pannell & Kerry, Fort Worth, for appellees.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court of Tarrant County authorizing appellees to take depositions of the individual appellants pursuant to Rule 187 Texas Rules Civil Procedure. The alleged purpose of such depositions is to perpetuate testimony to be used in an allegedly anticipated action against appellants for slander and defamation.

Appellees have filed motion to dismiss the appeal on the ground that the order appealed from "is interlocutory in nature," and "therefore not appealable at this stage, but may be reviewed after final judgment in the suit that depositions are intended to aid."

Appellants contend that the order of the District Court is an appealable order. Appellant reasons that since Rule 187 was largely rewritten by the 1962 amendment, and is patterned after Federal Rule 27,

proceedings under which the Federal Courts hold appealable; that a Texas Rule 187 proceeding, should likewise be appealable.

Prior to the 1962 amendment of TRCP 187, proceedings under such rule were held to be ancillary proceedings, and nonappealable. Lambert v. Tex. Emp. Ins. Ass'n., C.C.A. (n.w.h.), 121 S.W.2d 406; Lee v. Lee,[1] C.C.A. (n.r.e.) 373 S.W.2d 108. Our Supreme Court in Ramsey v. Gardner, 154 Tex. 457, 279 S.W.2d 584 says that, "A proceeding to perpetuate testimony (under old Rule 187) does not constitute or involve a trial."

TRCP 187 as amended effective September 1, 1962 is patterned after Federal Rule 27 (Title 28 Fed.Rules Civil Procedure) and is very similar to such Rule 27. (See pocket part Vol. 1, Vernon's TRCP, Rule 187). Since the 1962 amendment to Rule 187, all the elements of a suit and trial have been put into the proceedings.

Federal courts hold that orders authorizing the taking of a deposition under Federal Rule 27, to be a final order for the purpose of appealability, because it grants all the relief sought in the petition, and disposes of the proceeding. Mosseller v. United States, 2 Cir., 158 F.2d 380; Martin v. Reynolds Metals Corp., 9 Cir., 297 F.2d 49.

■ We think an order in a proceeding to perpetuate testimony under TRCP 187 as amended on September 1, 1962, is an appealable order, and overrule appellees' Motion to Dismiss the Appeal.

Appellants contend the District Court was without jurisdiction to enter the order authorizing appellees to take depositions of the individual appellees "because the subject matter is within the exclusive jurisdiction of the National Labor Relations Board."

Appellees' petition to take depositions to perpetuate testimony stated that the nature of anticipated suit is for slander and defamation, and asks to take deposition of Walter N. Kuntz and Charles E. Major.

■ Appellants contend that since the entire controversy arose out of an election to unionize employees of appellants, and that the NLRB has taken jurisdiction of the election controversy, that "Federal preemption" has taken away the jurisdiction of the State Courts and lodged such jurisdiction exclusively with the NLRB. We reject the foregoing contentions. The question of jurisdiction of the State Courts is prematurely asserted. It must be addressed to the suit which the depositions are intended to aid. Until such suit is filed it cannot be determined just what will be the complaint, who will be the parties, and what relief will be sought. Moreover, a party injured by slander and defamatory statements has not been deprived of his common law right to seek redress by way of damages in a State court. Further, J. B. Moss, one of the appellees, an individual, who claims to have been slandered, cannot be precluded from suing for his damages by the preemption rule.

The judgment of the Trial Court is affirmed.

1. Decided in 1963, but necessarily decided under Rule 187 prior to its 1962 amendment, since the application to perpetuate testimony was filed on Sept. 8, 1961, (and prior to Sept. 1, 1962, the effective date of amended Rule 187).