**OFFICE EMPLOYEES INTERNATIONAL UNION LOCAL 277, AFL–CIO et al., Petitioners,**

v.

**SOUTHWESTERN DRUG CORPORATION et al., Respondents.**

No. A–10341.

Supreme Court of Texas.

June 2, 1965.

---

Sam Houston Clinton, Jr., Austin, for petitioners.

Baker, Botts, Shepherd & Coates, James M. Neel and V. R. Burch, Jr., Houston, for respondents.

SMITH, Justice.

On September 12, 1963, Office Employees Union Local 277, AFL-CIO, and J. B. Moss, pursuant to Rule 187, Texas Rules of Civil Procedure, filed a verified petition to take the depositions of Walter N. Kuntz and Charles E. Major, in order to perpetuate their testimony to be used in a suit which Union and Moss alleged they anticipated filing. The petition alleged that the nature of their anticipated action was one for damages in excess of one thousand ($1,000) dollars resulting from slander and defamation arising out of statements be- lieved to have been made by Kuntz and Major "on or about August 6, 1963, and thereafter," and "on or about August 7, 1963, and thereafter, to employees of Southwestern Drug Corporation." It was alleged that the "persons expected to be adversely interested to your Petitioners" were Kuntz, Major and Southwestern Drug Corporation.

The parties will be designated by name as they were in the trial court. Kuntz and Major et al. pleaded that the District Court was without jurisdiction, because the subject matter was within the exclusive jurisdiction of the National Labor Relations Board.

The trial court after a hearing over- ruled the plea to the jurisdiction and re- fused to dismiss the petition. The Court granted the petition for depositions to per- petuate testimony. Kuntz and Major et al. appealed. The Union and Moss, immedi- ately after the transcript was filed with the Clerk of the Court of Civil Appeals, moved to dismiss the appeal on the ground that the order was interlocutory in nature and not appealable. The Court of Civil Appeals overruled the motion to dismiss, holding that the order was appealable, but held that the question of the jurisdiction of the State courts had been prematurely asserted and that the jurisdictional question should be raised in the allegedly antici- pated slander action. The trial court's judgment granting the petition for dep- ositions to perpetuate testimony was af- firmed. 380 S.W.2d 927. The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court with instructions.

Two petitions for writ of error have been filed. Both applications have been granted. The petitioners, Southwestern Drug Corporation, Kuntz and Major, con- tend that the subject matter of the petition for depositions, and of the alleged antici- pated slander action, involves a labor dis- pute between Local Union 277 and South- western Drug Corporation and that the

National Labor Relations Board has exclusive jurisdiction of the subject matter. The Union and Moss contend that a proceeding to perpetuate testimony through the taking of depositions to be used in an anticipated suit is purely an ancillary matter and nonappealable.

■ We have concluded that the Court of Civil Appeals was in error in failing to sustain the motion to dismiss the appeal. The appeal to that court by Southwestern Drug Corporation, Kuntz and Major was from an order of the District Court of Tarrant County, Texas, which *authorized* Union and Moss to take the depositions of Kuntz and Major. We have before us the question of whether or not an order *granting* the right to take depositions is appealable. Therefore, we do not have before us the question of whether or not an order *denying* the right to take depositions is a final and appealable judgment. We agree with the Union and Moss that a proceeding to perpetuate testimony is not of itself an independent suit, but is in aid of and incident to an anticipated suit. We agree that such proceeding is purely an ancillary matter. It is well settled that the taking of depositions is not an end within itself but is in aid of a suit which is anticipated. The taking of depositions to perpetuate testimony is ancillary to the anticipated suit. See 34 Tex.Law Review 319; Lambert v. Texas Employers' Ins. Ass'n, Tex. Civ.App. (1938), 121 S.W.2d 406, no wr. hist.; Ramsey v. Gardner, 154 Tex. 457, 279 S.W.2d 584 (1955); Lee v. Lee, Tex. Civ.App. (1963), 373 S.W.2d 108, wr. ref., n. r. e.

Kuntz and Major et al. contend that the order in this case grants all of the relief sought in the petition to take depositions and has all of the elements of finality, the contention being that although the court's action was not a final judgment in the usual sense, yet it is subject to review by appeal. It is argued that Rule 187, supra, was patterned after Federal Rule 27, and that federal decisions under Rule 27 are both persuasive and directly in point in this case. The case of Mosseller v. United States, 158 F.2d 380 (2d Cir., 1946), relied upon by Kuntz and Major et al. does hold that an order authorizing the taking of a deposition to perpetuate testimony for use in an action to be subsequently commenced against the United States under "Suits in Admiralty Act" was a final order for purpose of appealability. The case is distinguishable. The question on appeal was whether the District Court had jurisdiction to authorize the taking of a deposition to perpetuate testimony for use in an action to be thereafter commenced "in the admiralty" seeking damages for personal injuries. It was the argument of the United States that the equity proceeding authorized by the statute, then in effect, could not be utilized to perpetuate testimony for use in an admiralty libel. The statute under consideration provided broadly that "any district court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States." The petitioner was asserting an affirmative claim against the United States and intended to institute a suit for personal injuries on behalf of her son. However, it appears that the petitioner was prevented from immediately filing suit by the provisions of the "Public Law 17 Act" which provided that suit could not be instituted until petitioner "had filed a claim against the United States and until either the claim had been administratively disallowed or sixty days had elapsed from the date of its filing." Because of fear that her son would die before the time elapsed and before suit could be filed, petitioner sought an order authorizing the taking of her son's deposition. The court held that although this was an ancillary proceeding, nevertheless, it "involved affirmative claims against the government, and not merely procedural steps looking to the eventual assertion of a claim."

■ The basic procedural authority for perpetuating testimony is found in Rule 187. This rule, after its original adoption, was amended in 1957 and again in 1962. Kuntz and Major et al. contend that under Rule 187, as amended, the court's order granting authority to take depositions now stands in the same position as an injunction order stood before the rule was amended. It is argued that depositions could be taken under Rule 187, before the amendment, upon the mere filing of an unsworn written statement of a desire to take the depositions, and that the Clerk's action was purely ministerial, but that under the rule, as amended, a verified petition is required to be filed alleging the substance of the testimony expected to be elicited and the petitioner's reasons for desiring to perpetuate the testimony; that notice must be served on the proposed witnesses; that a hearing must be conducted on the petition; and an *order* must be entered by the District Court, whereas, none of these formalities were required under the old rule. It is true that these procedural requirements for taking depositions to perpetuate testimony are more specifically stated than they were under the rule before it was amended, but we decline to hold that the present rule has the effect of rendering an order entered by the District Court granting the right to take depositions to perpetuate testimony equivalent to a mandatory injunction. The changes in the rule have not converted a proceeding ancillary in character to one injunctive in character. Therefore, the rule announced in the case of Dallas Joint Stock Land Bank v. State ex rel. Cobb, 135 Tex. 25, 137 S.W.2d 993 (1940), wherein it was held that the order involved was, in effect, a mandatory injunction and had all of the elements of finality, has no application.

■ The rule states the procedural steps to be taken by a person who files a petition to take the deposition of a witness. The rule is silent, however, as to whether or not a party adversely affected by an order thereafter entered by the Court may appeal. We find no other statute or rule which makes interlocutory orders of the nature of the one here under review appealable. It follows that the appeal should have been dismissed by the Court of Civil Appeals for want of jurisdiction. See Henderson v. Shell Oil Co., 143 Tex. 142, 182 S.W.2d 994 (1944).

■ The Southwestern Drug Corporation, Kuntz and Major in their petition for writ of error present the single contention that the Court of Civil Appeals erred in its failure "to reverse the order of the District Court and dismiss respondents' petition for depositions, because the subject matter of this proceeding is within the exclusive jurisdiction of the National Labor Relations Board." Since we have held that the order involved in this case is nonappealable, this Court is without jurisdiction to consider this question.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court with instructions to enter its order dismissing the appeal.