**Herschel HANCOCK, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 3–89–192–CV.**

Court of Appeals of Texas, Austin.

Dec. 19, 1990.

Rehearing Overruled Dec. 31, 1990.

John Holman Barr, Burt Barr & Associates, Dallas, for appellant.

Jim Mattox, Atty. Gen., Linda Ibach Shaunessy, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This is an appeal from an order of the district court compelling appellant to com-

ply with a subpoena duces tecum issued by the State Board of Insurance in the course of a pending administrative investigation. The trial court granted the motion to compel, and appellant appealed this order granting the motion. In accordance with our opinion in *Pelt v. State Board of Insurance,* 802 S.W.2d 822 (Tex.App.—Austin, 1990), we will dismiss the appeal for want of jurisdiction.

Appellee initiated an administrative investigation of appellant, seeking to determine whether he had committed unauthorized insurance practices. In the course of this investigation, appellee issued to appellant a subpoena and a subpoena duces tecum. Tex.Ins.Code Ann. art. 1.19–1(a), (b) (Supp.1991). Appellant appeared at the offices of appellee, where counsel for appellee began deposing appellant. Appellant invoked his privilege against self-incrimination in response to several questions. Appellee then filed in the district court a motion to compel testimony. Tex.Ins.Code Ann. art. 1.19–1(c) (Supp.1991). The court held a hearing on the motion at which it received evidence. It then rendered an order compelling appellant to answer the questions appellee propounded during the deposition. Appellant seeks to appeal the trial court's order.

We are required to determine whether we have jurisdiction of the appeal. *Pelt,* 802 S.W.2d at 825. Article 1.19–1(c) permits the State Board of Insurance and the Commissioner of Insurance to "invoke the aid of a district court in Travis County, or a district court in the county in which the subpoena was served" in order to compel compliance with any subpoena issued. The statute further provides that, "the court may issue an order requiring the person subpoenaed to obey the subpoena or give evidence, or produce books, accounts, records, and papers." Failure to obey the subpoena is punishable by contempt. The statute does not provide an appeal to a party aggrieved by the district court's order.

In *Pelt,* this Court determined that a district court's order overruling a motion to quash an administrative subpoena issued by the State Board of Insurance, in the context of a pending administrative proceeding, is not an appealable order. We based our holding on two factors. First, the order was, in essence, in the nature of one relating to a discovery dispute in a pending or contemplated cause. Such orders are not generally reviewable by appeal in the absence of a final judgment. In this regard, we likened the appeal to appeals taken in bill-of-discovery proceedings. *Pelt,* at 828. Judgments in bill-of-discovery suits brought in aid of pending or contemplated suits are interlocutory in nature and not appealable. *Equitable Trust Co. v. Jackson,* 129 Tex. 2, 101 S.W.2d 552, 553 (1937). Second, the relevant statutes do not provide an appeal to this Court to review a district court's ruling in aid and enforcement of an administrative agency's discovery order. Because this Court has no jurisdiction over interlocutory administrative orders except as provided by Constitution or by statute, the order is not appealable. *See* Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 14(c) (Supp.1991); Tex.Rev.Civ. Stat.Ann. art. 342–705 (Supp.1991). Of course, appellants may pursue other forms of relief to facilitate review of the trial court's order. *See Pelt,* at 829.

The same reasoning is applicable here. The statute does not grant an aggrieved party the right to appeal to this Court from the district court's order. In essence, the order is one relating to a discovery dispute, albeit in connection with a matter pending in an agency proceeding rather than in the district court. While the ruling may be subject to review by appeal when the matter is finally determined, the order is not a final judgment now subject to appeal, although a party may be entitled to seek relief by other means, such as mandamus. *Morris v. Hoerster,* 368 S.W.2d 639 (Tex. Civ.App.), writ ref'd n.r.e., 370 S.W.2d 451 (Tex.1963), cert. denied, 376 U.S. 919, 84 S.Ct. 676, 11 L.Ed.2d 614 (1964). *See also Biernat v. Powell,* 757 S.W.2d 115, 117 (Tex.App.1988, orig. proceeding). We therefore have no jurisdiction over the cause. Because the statute does not grant appellate jurisdiction to the courts of ap-

peals over appeals of such trial court orders, we are at this time without jurisdiction to review by appeal the trial court's ruling. *Pelt*, at 827.

We, therefore, dismiss the appeal for want of jurisdiction.

CARROLL, J., not participating.