# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-18-00351-CV

_____

## IN RE INVISTA S.A.R.L.

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-201,939**

## MEMORANDUM OPINION

Relator INVISTA S.à.r.l. ("INVISTA"), a respondent[1] in a Rule 202 proceeding in Cause Number D-201,939, *Jacqulyn McDonald, Individually and as Representative of the Estate of David Lee McDonald v. INVISTA S.à.r.l. d/b/a INVISTA S.à.r.l., LLC, et al.*, seeks a writ of mandamus compelling the Honorable Baylor Wortham, Judge of the 136th District Court, to vacate his order requiring INVISTA to produce a witness or witnesses for deposition and subpoena duces

_____

[1]Another respondent, Eric Hinton, did not seek mandamus relief.

1

tecum. *See* Tex. R. Civ. P. 202. For the reasons explained herein, we conditionally grant the writ of mandamus.

## BACKGROUND

The real party in interest, Jacqulyn McDonald, alleges that her father, David Lee McDonald,[2] died of cancer due to overexposure to a toxic substance while working during a turnaround at INVISTA's facility in Orange, Texas. McDonald filed a verified petition for Rule 202 discovery, in which she asserted that INVISTA was involved in or has knowledge of decedent's exposure to toxic substances that caused or contributed to his death. In her petition, McDonald sought the following:

> depositions, documents, and electronic materials referencing or related to (1) any exposure to butadiene and/or another toxic substance while [decedent] was at Respondents' facility and/or working for Respondents; (2) companies and persons involved in the exposure as well as the manufacture and/or maintenance of the substances, equipment, fixtures, area, materials, and appurtenances involved; and (3) any related investigations including internal and by third parties and governmental entities.

McDonald's petition stated that she sought "all emails, electronic information, documents, and other tangible evidence in Respondent[']s possession or to which it

---

[2]Because the real party in interest and the decedent share the same last name, we will refer to the real party in interest as "McDonald" and to her father as "decedent."

2

has access that references or relates to these issues[,]" as well as the depositions of respondent Eric Hinton and an INVISTA corporate representative.

McDonald asserted that the discovery would reveal information and documents "related to potential wrongful death and survival claims, as well as potential defendants." According to McDonald, the requested discovery would prevent a failure or delay of justice by allowing her to "evaluate potential claims and secure information regarding proper parties[,]" and she asserted that the requested discovery is narrowly tailored to the issues and facts underlying her potential claims. McDonald also contended that the benefit of the discovery would outweigh "any burden or expense."

INVISTA filed a response, in which it raised a general denial and asserted that the trial court lacked subject-matter jurisdiction. INVISTA also argued that McDonald had failed to exhaust her administrative remedies, and that the discovery McDonald sought is outside the scope of Rule 202. Additionally, INVISTA contended that McDonald's petition failed to demonstrate that the benefit of the requested discovery outweighed its burden and expense and that the requested discovery would prevent a failure or delay of justice. INVISTA also filed an objection to McDonald's Rule 202 petition, in which it reiterated the objections in its response and provided argument and authorities.

McDonald filed a response to INVISTA's objections, in which she provided argument and authorities for her assertions that the trial court has subject-matter jurisdiction; the exhaustion of remedies doctrine does not apply to possible claims against non-employer tortfeasors; INVISTA had not shown that it was decedent's employer; Rule 202 permits discovery of documents in conjunction with nonparty depositions; and INVISTA had not demonstrated undue burden. On August 29, 2018, the date of the Rule 202 hearing, McDonald filed a supplement to her Rule 202 petition, in which she stated that INVISTA "engaged in intentional, grossly negligent, and negligent acts and omissions that caused or contributed to [decedent]'s exposure and wrongful death." In the supplemental petition, McDonald also alleged that "persons and companies other than [decedent]'s employer committed acts and/or omissions that caused or contributed to his exposure and wrongful death, including contractors, manufacturers, other companies, and persons who owed independent duties to [decedent]. Respondents apparently have exclusive access to this information and refuse to disclose it."

Attached to the supplemental petition was a document that purportedly constituted correspondence between McDonald and a person who represented that he had worked with the decedent. In that document, the alleged coworker asserted that (1) both he and the decedent were exposed to a carcinogenic chemical; (2) blood

4

samples taken from both after the exposure were deemed unsuitable; (3) "they needed new samples . . . because the results were really bad and they didn't want to be liable[;]" and (4) the decedent told him that the nurse and "one of the head safety guys" asked the decedent if he was "okay" two or three weeks after the exposure and told the decedent there were "some unusual results in his blood work." Also attached to the supplemental petition was an affidavit, signed by McDonald's counsel, which stated that the document was a "true and accurate copy of correspondence between [McDonald] and a person who represented himself to be [decedent]'s coworker."

As discussed above, on August 29, 2018, the trial court conducted a hearing on McDonald's Rule 202 petition. At the hearing, the trial court heard arguments of counsel, but no evidence was offered. The next day, McDonald's counsel filed a letter with the court, attached to which was McDonald's sworn declaration, in which she stated, among other things, that (1) the benefits department told her that the decedent was employed by Invista; (2) the alleged co-worker referenced above had contacted her and informed her that he and the decedent had been exposed to butadiene, which "is known to cause cancer[;]" (3) that blood tests had been conducted and "people involved seemed to be covering up what had happened[;]" (4) the decedent "was told there were unusual results in his blood work[;]" (5) the decedent's sister told McDonald that the decedent said he had been offered "hush

5

money[;]" and "[t]he OSHA website says an investigation was opened into the Invista facility in Orange, Texas shortly after we filed the petition to take pre-suit discovery."

The trial court signed an order granting McDonald's Petition for Rule 202 discovery.[3] In its order, the trial court stated that it had considered "all evidence, briefing, argument, and all other various materials presented by counsel," including the petition for Rule 202 discovery, McDonald's supplement to the petition, McDonald's declaration, the attorney verifications, and all exhibits. The trial court found that (1) permitting McDonald to take the requested depositions and to secure documents and materials "may prevent a failure or delay of justice in an anticipated suit[,]" and (2) the likely benefit to McDonald "outweighs the burden or expense of the procedures." The trial judge ordered INVISTA to present "a witness or witnesses" for oral deposition who could testify regarding McDonald's alleged exposure to butadiene or other toxic substances; persons and entities who were onsite at the location of the incident or who controlled the location; "persons and entities involved in the custody, control, manufacture, construction, modification, maintenance, and/or inspection of the substances, equipment, fixtures, area,

---

[3]The order in the electronically filed sworn mandamus record is not dated; however, INVISTA stated in its motion for emergency stay that the trial judge signed the order on August 31, 2018.

6

materials, and appurtenances involved in the [i]ncident;" and investigations into the incident, including "what persons and entities may have been involved or otherwise responsible for the [i]ncident." In addition, the trial judge ordered INVISTA to produce at the deposition (1) any report regarding the incident, (2) documentation reflecting persons and entities onsite where the incident occurred, and (3) materials the witness or witnesses reviewed to prepare for the deposition.

> At the hearing, the trial judge stated as follows to INVISTA's counsel:

> [U]nless there is something you can articulate for me here in court on the record as to a materially disadvantageous or prejudicial effect that that supplemental filing would have on your ability to defend the 202 hearing or to be able to represent your client, I don't believe that I have any discretion to deny them leave for the late filing. I agree with you the rules do say 15 days, although it's not hard and fast.

The trial court's written order did not contain a finding that justice or necessity required shortening the notice period under Rule 202. *See* Tex. R. Civ. P. 202.3(d).

## STANDARD FOR MANDAMUS REVIEW

Mandamus is available when a trial court clearly abuses its discretion and the relator lacks an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). Because an order

7

permitting a presuit deposition pursuant to Rule 202 of the Texas Rules of Civil Procedure is not a final, appealable order, mandamus is the proper avenue by which to challenge such an order. *See In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding [mand. denied]).

## ISSUE FOUR

In issue four, which we address first, INVISTA argues that the trial court lacked subject-matter jurisdiction to enter the order because McDonald did not exhaust her administrative remedies under the Texas Workers' Compensation Act. Although the Texas Workers' Compensation Act vests the power to award compensation benefits solely in the Workers' Compensation Commission, subject to judicial review, judicial review is not available until the aggrieved party has exhausted its administrative remedies. *See* Tex. Lab. Code Ann. § 410.251 (West 2015); *In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *3 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.). "'It is well settled that the taking of [presuit] depositions is not an end within itself but is in aid of a suit which is anticipated. The taking of depositions to perpetuate testimony is ancillary to the anticipated suit.'" *In re Contractor's Supplies, Inc.*, 2009 WL 2488374, at *3 (quoting *Office Emp. Int'l Union Local 277, AFL-CIO v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (1965)). Because a petition for presuit deposition "does

8

not request final or even preliminary adjudication[,]" it does not interfere with the exclusive jurisdiction of an administrative agency. *Id*. Therefore, the exhaustion of administrative remedies doctrine does not apply, and the trial court has subject-matter jurisdiction of McDonald's Rule 202 petition. *See id*. Accordingly, we overrule issue four.

## ISSUE ONE

In its first issue, INVISTA asserts that the trial court abused its discretion by granting McDonald's Rule 202 petition because McDonald did not offer, nor did the trial court admit, any supporting evidence at the hearing. "A trial court abuses its discretion by ordering a presuit deposition if the petitioner does not make the showing required by [R]ule 202." *In re Contractor's Supplies, Inc.*, 2009 WL 2488374, at \*5. Rule 202.1 provides that a person may petition the court for an order authorizing the taking of the deposition on oral or written questions to investigate a potential claim or suit. Tex. R. Civ. P. 202.1(b). The petition must be verified. Tex. R. Civ. P. 202.2. Additionally, the petition must be served at least fifteen days before the date of the hearing on the petition, but the court may shorten the notice period "[a]s justice or necessity may require[.]" Tex. R. Civ. P. 202.3 (a), (d). The court must order a deposition to be taken only if it finds that "(1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an

9

anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." Tex. R. Civ. P. 202.4. "Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding).

McDonald argues that Rule 202 requires the filing of a verified petition, but it does not mention or require "evidence." According to McDonald, rules of statutory construction require the Court to presume that evidentiary requirements "were excluded for a purpose." Additionally, McDonald asserts that the "authenticated text messages," "various pleadings[,]" and verifications are not hearsay because they are not used to prove the truth of the matters asserted therein. McDonald asserts that the statements are instead being used to demonstrate a good faith basis for conducting the requested discovery, to show that the benefit of conducting the discovery outweighs the burden, and that the requested discovery "will prevent a failure of justice in an anticipated suit." Furthermore, McDonald argues that even if the statements constituted hearsay, exceptions to the hearsay rule would permit their admission into evidence.

As the petitioner, McDonald had the burden to show either that allowing her to take the depositions would prevent a failure or delay of justice in an anticipated suit, or that the likely benefit of allowing her to take the requested depositions to investigate a potential claim or suit outweighs the burden or expense of the procedure. *In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d 793, 795 (Tex. App.—Beaumont 2003, orig. proceeding). "The law is clear that a petitioner seeking a presuit deposition must present evidence to meet its burden to establish the facts necessary to obtain the deposition." *In re East*, 476 S.W.3d 61, 68 (Tex. App.—Corpus Christi 2014, orig. proceeding). Sworn, verified pleadings are generally not competent evidence to prove the facts asserted in the pleading. *In re Dallas Cnty. Hosp. Dist.*, No. 05-14-00249-CV, 2014 WL 1407415, at *2 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) (mem. op.).

We conclude that McDonald's verified pleadings do not constitute proper evidence supporting her Rule 202 petition. *See id*. In addition to reliance upon her verified pleadings, McDonald points to the text messages and verifications as evidentiary support for her petition. Assuming without deciding that the trial court did not abuse its discretion by considering McDonald's late-filed declaration and the text messages, neither of which was introduced at the hearing, both McDonald's declaration and the text messages from the decedent's co-worker contain hearsay.

11

*See* Tex. R. Evid. 801(d) (defining hearsay as a statement the declarant does not make while testifying at the current trial or hearing and that a party offers to prove the truth of the matter asserted in the statement). The declaration and text messages are offered for the truth of what they assert to demonstrate: the necessity of taking presuit depositions. *See id*.; *see generally* Tex. R. Civ. P. 202.4(a)(1). Moreover, we conclude that McDonald did not demonstrate that a hearsay exception would have permitted introduction of the text messages and declaration into evidence. The text messages and declaration also facially demonstrate that they are not based upon the declarants' perceptions. *See* Tex. R. Evid. 701(a) (providing that a lay witness may only offer opinion that is rationally based on the witness's perception). For all these reasons, we sustain issue one. Because they would not result in greater relief, we need not address INVISTA's remaining issues. *See* Tex. R. App. P. 47.1.

In sum, we conclude that the trial judge's order constitutes an abuse of discretion because McDonald did not provide evidence supporting her petition, and INVISTA has no adequate remedy at law. We conditionally grant the writ of mandamus. We are confident that the trial court will promptly vacate its order of August 31, 2018, which required INVISTA to produce a witness for deposition and subpoena duces tecum, and the writ will issue only if the trial court fails to do so. Our stay order issued on September 11, 2018, is lifted.

PETITION CONDITIONALLY GRANTED.


PER CURIAM



Submitted on September 21, 2018
Opinion Delivered November 1, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.