Chester R. MORRIS, Appellant,

v.

Sam A. HOERSTER and John T. Middleton, Appellees.

No. 10865.

Court of Civil Appeals of Texas.

Austin.

June 28, 1961.

Rehearing Denied Aug. 14, 1961.

Chester R. Morris, pro se.

Will Wilson, Atty. Gen., Lawrence Hargrove. Asst. Atty. Gen., for appellees.

GRAY, Justice.

Appellant, Chester Ray Morris, brought this discovery proceeding against appellees, Dr. Sam A. Hoerster, the Superintendent of the Austin State Hospital and John T. Middleton, the Chief of Social Service at that hospital.

Appellant alleged that he was confined at the Austin State Hospital in 1956; that he was admitted February 2, 1956, and was dismissed March 15, 1956. He alleged that since he was dismissed he has personally asked to see his medical records while he was confined at said hospital and that permission was refused. He alleged that such records are relevant in cause No. 4412 pending in the United States District Court for the District of New Mexico and in consolidated cause No. 115,363 pending in the 53rd District Court of Travis County. He requested an order permitting his inspection of papers, documents, reports, correspondence, names of individuals, their connection with said hospital, and opinions as to his mental and physical condition, all contained in the said hospital records. He prayed:

"* * * that after due notice, this court order defendants to produce and permit the inspection, copying and photographing of such records by plaintiff at such time and place and in such manner as the court may deem to be proper, upon such terms and conditions as may be deemed just."

Appellees urged a plea to the jurisdiction of the court. This plea was sustained and the cause was dismissed. We quote the plea and the judgment dismissing the cause:

"By way of Plea to the Jurisdiction, that Defendants are agents, officers, or employees of the State of Texas, that this is a suit to compel Defendants to perform acts in their official capacities as agents, officers, or employees of the State of Texas and therefore a suit against the State of Texas, that Plaintiff has obtained no legislative permis-

sion to bring this suit, and that therefore this Court is without jurisdiction to hear this cause. Wherefore, Defendants pray judgment on this Plea, and that they be dismissed from this cause with their costs."

"On the 24th day of October, 1960, there came on to be heard the above entitled and numbered cause, the Plaintiff appearing *pro se* and the Defendants appearing by and through their attorney of record. The Court, having heard the Defendants' Plea to the Jurisdiction and having duly considered it, is of the opinion that such Plea should be, and it is hereby, in all things sustained. It is, therefore,

"Ordered, adjudged, and decreed that Defendants' Plea to the Jurisdiction be in all things sustained, and that this cause is hereby dismissed at Plaintiff's cost, for which execution may issue."

Necessarily we are required to decide whether the plea to the jurisdiction of the court was properly sustained and under its allegations and by the judgment of the trial court whether the suit is against the State.

In American Federation of Labor v. Mann, Tex.Civ.App., 188 S.W.2d 276, 279, the court said:

"Even though the State have an interest in the vindication of its laws, unless the property or contract rights of the State, or its rights to collect taxes levied by such law, be foreclosed by the judgment, the suit is not forbidden. That is, the subject matter 'must be an interest of value in a material sense to the state as a distinct entity.' 49 Am.Jur. p. 307, Sec. 94."

Applying this rule to the facts here the suit is not forbidden as one against the State.

Rule 737, Texas Rules of Civil Procedure, provides:

"All·trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies. In actions of such nature, the plaintiff shall have the right to have the defendant examined on oral interrogatories, either by summoning him to appear for examination before the trial court as in ordinary trials, or by taking his oral deposition in accordance with the general rules relating thereto."

Appellees say that Art. 5547–87, Vernon's Ann.Civ.St., prohibits them from disclosing the information requested. That article provides:

"Disclosure of information

"(a) Hospital records which directly or indirectly identify a patient, former patient, or proposed patient shall be kept confidential except where

"(1) consent is given by the individual identified, his legal guardian, or his parent if he is a minor;

"(2) disclosure may be necessary to carry out the provisions of this Code;

"(3) a court directs upon its determination that disclosure is necessary for the conduct of proceedings before it and that failure to make such disclosure would be contrary to the public interest, or

"(4) the Board or the head of the hospital determines that disclosure will be in the best interest of the patient.

"(b) Nothing in this section shall preclude disclosure of information as to the patient's current condition to members of his family or to his relatives or friends."

Appellant by bringing the discovery proceedings has himself requested the information that relates to himself personally and also by a pleading filed in the cause he has expressly consented that such

records not be kept confidential. Appellant having identified himself as the person whose records he has requested has complied with the requirements of section (a) (1), supra.

The controversy between appellees and appellant as to the meaning of Art. 5547–87, supra, does not make this proceeding against officers of the State a suit against the State. American Federation of Labor v. Mann supra. In Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 712, 172 A.L.R. 837, the court said:

> "The acts of officials which are not lawfully authorized are not acts of the State, and an action against the officials by one whose rights have been invaded or violated by such acts, for the determination and protection of his rights, is not a suit against the State within the rule of immunity of the State from suit."

Here appellees, as State officials, refuse to release information that appellant, by his consent, has removed from the provisions requiring that such information be kept confidential. For such reason the refusal of the appellees is not lawfully authorized and are not acts of the State.

As noted supra the requests of appellant are rather numerous—a total of twenty. We are not here called on to pass on these requests separately. However in view of our reversal of the judgment and remand of the proceeding we think it proper to say that appellant is required to show that the evidence requested is relevant and material for the purpose of suit or for preparation for trial in the pending causes. 20 Tex. Jur.2d Sec. 3, p. 148. Otherwise the court could not properly order discovery and also protect appellees against disclosure of records not applicable. See: Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434, 439–440.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and Remanded.