**Chester R. MORRIS, Relator,**

v.

**Honorable Herman JONES, Sam A. Hoerster and John T. Middleton, Respondents.**

No. 11072.

Court of Civil Appeals of Texas.

Austin.

Dec. 19, 1962.

Chester R. Morris pro se.

Will Wilson, Atty. Gen., Pat Bailey, Asst. Atty. Gen., Austin, for respondents.

RICHARDS, Justice.

This is an original proceeding in mandamus instituted by Chester R. Morris, Relator, against Honorable Herman Jones, Judge of the 53rd Judicial District Court of Travis County, Texas, Dr. Sam A. Hoerster, Superintendent of the Austin State Hospital and John T. Middleton, Chief of Social Services of the Austin State Hospital, Respondents, wherein Relator prays for the issuance of a writ of mandamus directing the Honorable Herman Jones, as Judge of the 53rd Judicial District Court, to proceed to trial and judgment in Cause No. 118,818 upon the docket of that Court, styled Chester R. Morris v. Sam A. Hoerster and John T. Middleton.

On the first trial of Cause No. 118,818, the Trial Court sustained a plea to the ju-

risdiction filed by the defendants and dismissed the cause. On appeal to this Court the judgment of the Trial Court was reversed and the cause remanded to the Trial Court for further proceedings in accordance with the opinion of this Court (348 S.W.2d 642). After application for writ of error had been refused by the Supreme Court of Texas, "no reversible error", mandate was issued and filed in the Trial Court on November 10, 1961.

In his petition for mandamus, Relator alleges that after the cause was set for trial on January 5, 1962, a motion for continuance filed by the defendants was granted and the cause again set for trial on April 27, 1962. Counsel for defendants again filed a motion for continuance which was granted on April 25, 1962. The case was again reset for trial on November 15, 1962, on motion of Relator, at which time counsel for defendants agreed to the setting. Motion for continuance was again filed by defendants which was granted by the Court and the cause was reset for trial on December 17, 1962.

All motions for continuance were based upon the ground that there had been no final judgment rendered in Consolidated Cause No. 115,363 in the 53rd District Court of Travis County, Texas, styled Chester R. Morris v. Paul White et al., which was appealed to this Court (348 S.W.2d 644), and after the writ of error had been granted by the Supreme Court of Texas, judgment was reversed in University of Texas et al. v. Morris, Tex., 352 S.W.2d 947, which judgment has not become final, Relator having filed application for writ of certiorari to the Supreme Court of the United States in Cause No. 27-Misc. which is still pending before that Court. 83 S.Ct. 511.

In their reply to Relator's petition for mandamus, Respondents Hoerster and Middleton pray that this Court require the Trial Court to proceed to trial and judgment *only* when a decision has been rendered by the Supreme Court of the United States in Cause No. 27-Misc., styled Chester R. Morris v. Paul White et al.

In our opinion reversing and remanding this cause it was stated:

"However in view of our reversal of the judgment and remand of the proceeding, we think it proper to say that appellant is required to show that the evidence requested is relevant and material for the purpose of suit or for preparation for trial in the pending causes."

Relator alleges that on October 26, 1962, he filed suit in the 98th District Court of Travis County, in Cause No. 128,451, styled Chester R. Morris v. Anthony P. Rousos; that defendant's answer was served upon him November 16, 1962; that no motion for stay of proceedings or motion for continuance have been filed in said cause or served upon Relator and that no order of any kind has been entered therein. Relator further alleges that the information sought by discovery in Cause No. 118,818 is relevant and material to his preparation for trial in such cause No. 128,451 in the 98th District Court.

It is our opinion and we hold that the fact that final judgment has not been entered in Cause No. 115,363, because of its pendency in the Supreme Court of the United States in Cause No. 27-Misc., does not constitute a good and sufficient ground for the continuances heretofore granted in Cause No. 118,818, and thus prevent Relator from obtaining the relevant and material information which he seeks to use in his preparation for trial in his pending suit against Doctor Rousos in the 98th District Court.

However, writ of mandamus will not issue at this time because of our belief that the Trial Court will proceed to set Cause No. 118,818 for trial as soon as practicable under the conditions of the Court's docket.