**Chester R. MORRIS, Appellant,**

**v.**

**Sam A. HOERSTER et al., Appellees.**

**No. 11164.**

Court of Civil Appeals of Texas.

Austin.

April 1, 1964.

Chester R. Morris, in pro se.

Waggoner Carr, Atty. Gen., Pat Bailey, Asst. Atty. Gen., Austin, for appellees.

HUGHES, Justice.

On March 28, 1963, Chester R. Morris filed suit against Sam A. Hoerster, Superin-tendent of the Austin State Hospital, John T. Middleton, Chief of Social Service at the Austin State Hospital and Pat Bailey, Assistant Attorney General of the State of Texas, in which he sought issuance of a Writ of Mandamus ordering and directing those named to produce and permit the in-spection, copying and photographing of cer-tain records of the Austin State Hospital pertaining to himself, Chester R. Morris.

Appellees replied to this suit by filing a plea in abatement alleging that appellant had not exhausted his legal remedies, and particularly alleging that a discovery action brought by appellant pending on appeal in this Court, being our Cause No. 11,108, Tex.Civ.App., 368 S.W.2d 639, "shows as a matter of law that plaintiff not only has a legal remedy but has not exhausted it."

Appellant filed a sworn reply to this plea in abatement from which we quote:

"Perhaps the condition that is most clearly not met by the other remedy in this case, is the fact that the other alleged remedy is clearly not speedy. Plaintiff filed said suit for a bill of discovery in cause no. 118,818, Morris v. Hoester and Middleton in August 1960 and plaintiff has diligently prose-cuted said cause no. 118,818 ever since said cause no. 118,818 was filed but has not to date received relief. Said cause no. 118,818 has been on appeal a second time from a second entry of final judg-ment by the trial court. Plaintiff filed his brief in the second appeal on April 15, 1963.

"* * * The entry of an adverse judgment by the trial court shows that the remedy sought in cause no. 118,818, is not certain.

"* * * It was necessary to file and application for writ of mandamus with the Court of Civil Appeals to get any kind of action other than orders grant-ing motions for continuances, Morris v. Jones, Hoerster and Middleton, 363 S.W.2d 291, in said alleged other rem-

edy. This proves that said discovery action is not as convenient as a remedy by mandamus but that said discovery action is tedious."

Appellant filed a motion for summary judgment and a supporting affidavit from which we quote:

"Plaintiff is 55 years of age and was born March 26, 1908. Plaintiff is and has been continuously since his twenty-first birthday on March 26, 1929 a person of sound mind. In particular plaintiff was a person of sound mind on February 1, 1956.

"III

"Plaintiff was confined at Austin State Hospital in 1956. Plaintiff was admitted to Austin State Hospital February 2, 1956 and dismissed March 15, 1956. Since plaintiff was dismissed from Austin State Hospital, plaintiff has been to Austin State Hospital five times to request to see his medical records. The request to see the medical records concerning plaintiff has been refused each time. The first visit to Austin State Hospital to see said medical records concerning plaintiff was in late 1957. Later visits by plaintiff to see said medical records at Austin State Hospital concerning plaintiff were on July 14, 1960, July 22, 1960, June 30, 1961 and December 27, 1962. On the June 30, 1961 visit plaintiff talked to defendants Hoerster and Middleton in defendant Hoerster's office. Plaintiff talked to defendant Middleton on each of the visits and also to an assistant to defendant Middleton on July 14, 1960.

"IV

"Failure to release said information in said records at Austin State Hospital to plaintiff unnecessarily and un-

justly interferes with plaintiff obtaining employment. If employers obtain said information, plaintiff is unable to give his side of the story and answer the same. If employers cannot obtain said information, said information is assumed worse than it is and as bad as it could possibly be in light of said employers' knowledge. Since November 16, 1955 plaintiff has contacted more than 700 employers many of them two or more times. Offers have been received but the offers have been withdrawn and a teaching contract revoked. Plaintiff needs information in said records at Austin State Hospital to make proper explanations to employers or prospective employers and to determine a suitable position. As a result of being unable to obtain information in records at Austin State Hospital and University of Texas, plaintiff has been unable to obtain or to hold employment."

By supplemental affidavit, appellant stated:

"As further evidence to show that the other alleged remedy is not certain, the Court of Civil Appeals dismissed the appeal in the discovery action, cause no. 118,818 (no. 11,108 in the Court of Civil Appeals) for want of jurisdiction on May 29, 1963 and overruled the motion for rehearing on June 12, 1963. This plus the adverse judgment of the trial court is sufficient to show that the other alleged remedy is not certain."

No response was made by appellees to any factual averment made by appellant.

■ We judicially know that the discovery efforts of appellant, referred to by appellees as showing that appellant has an unexhausted legal remedy, have terminated in a complete and dismal failure. Morris v. Hoerster, Tex.Civ.App., 368 S.W.2d 639,[11]

1. This case was brought to trial only after we ordered that it should be tried

without delay. Morris v. Jones, Tex. Civ.App., 363 S.W.2d 291.

writ ref., n. ·r. e., Tex., 370 S.W.2d 451, cert. denied by the United States Supreme Court, 376 U.S. 919, 84 S.Ct. 676, 11 L.Ed. 2d 614.

The Trial Court rendered judgment sustaining appellees' plea in abatement and dismissing appellant's suit.

We held in Morris v. Hoerster, Tex.Civ. App., 348 S.W.2d 642, writ ref., n. r. e., that the Austin State Hospital was not authorized by law to refuse disclosure of its records to appellant in so far as they related to him personally. In spite of our decision, the record here reflects that Dr. Sam A. Hoerster, Superintendent of the Austin State Hospital and John T. Middleton, Chief of Social Service at such hospital, have persisted in their refusal to permit appellant access to these records.

■■■ The records which appellant desires to inspect are public records and while not available for inspection by the general public, they are, under the law, accessible to inspection by appellant. The remedy for refusal of the right of inspection of public records is the remedy pursued by appellant, mandamus. Tobin v. Knaggs, Tex.Civ. App., 107 S.W.2d 677, San Antonio Civil Appeals, writ ref., 45 Am.Jur., p. 434. See Annotation on this subject in 169 A.L.R., p. 653. It is our opinion that the Court erred in dismissing appellant's suit as to Dr. Hoerster and Mr. Middleton and in not granting appellant's motion for summary judgment, except as to Mr. Bailey.

■■■ Appellant filed a motion to bar the Attorney General of Texas from representing appellees in this case. This motion is without merit. Rule 12, Texas Rules of Civil Procedure, provides that any defendant in a suit may question the authority of counsel for plaintiff to prosecute the suit.

There is no similar provision by which a plaintiff may question the authority of counsel to appear for a defendant. See Angelina County v. McFarland, 374 S.W.2d 417, Texas Supreme Court.

No cause of action was alleged or proved against Assistant Attorney General Pat Bailey and dismissal as to him was proper and is affirmed.

In all other respects the judgment of the Trial Court is reversed and judgment is here rendered granting appellant a writ of mandamus as prayed for by him against appellees Dr. Hoerster and Mr. Middleton.[2]

Affirmed in part; in part reversed and rendered.

2. In Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, Tex.Sup., it was said, "We held that where there was a final judgment rendered in a cause, which was appealable (and was appealed), the appellate court could act upon a denial motion for summary judgment, if the point has been properly preserved." There was a final judgment here. It was appealed. The point complaining of overruling appellant's motion for summary judgment has been properly preserved.