

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 3, 1974

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 390

Re: County Hospital Medical Records

Dear Mr. Resweber:

You have asked our opinion as to whether a patient's hospital medical records are excepted from public disclosure under the Open Records Act, Article 6252-17a, V. T. S., and if so, whether the records may be disclosed to the Parent-Child Development Center of the University of Houston with the consent of the patient or his parents or guardian, when the patient is involved in a program conducted by the Center.

This is a unique request, in that a governmental agency is seeking information concerning a citizen under an Act whose purpose is to give citizens "information regarding the affairs of government and the official acts of those who represent them as public officials and employees." Section 1, Article 6252-17a.

Hospital medical records in general are not expressly excepted from the disclosure requirements under the Open Records Act. However, § 3(a)(1) excepts from disclosure "information deemed confidential by law, either Constitutional, statutory or by judicial decision."

Certain information in medical records is made confidential by statute. Notice of laboratory examinations indicating venereal disease is required to be sent to the Communicable Disease Services Section of the Department of Health, and this notification is declared confidential by § 4, Article 4445c, V. T. C. S. Information concerning the identity of

recipients of medical assistance is made confidential by §10, Article 695j-1, V. T. C. S. , as amended.  Article 5547-87 makes confidential records of public mental hospitals which directly or indirectly identify a patient.  Section 2. 23, Article 5547-202, V. T. C. S. , provides that in information furnished to and by the State Department of Mental Health and Mental Retardation and others with reference to studies, etc. , the identity of any person whose condition or treatment has been studied shall be kept confidential.

Article 4447d authorizes the release of information in medical records to the State Department of Health and other groups for certain purposes, and makes confidential the identity of any person whose condition or treatment has been studied, and declares the information provided to be privileged.

Section 3 (a)(15) of the Open Records Act excepts from disclosure "birth and death records maintained by the Bureau of Vital Statistics in the State of Texas. " In Attorney General Opinion No. H-115 (1973), we said that such records required by Article 4477, V. T. C. S. , are not subject to mandatory disclosure, whether physically in the State Bureau of Vital Statistics, in a local registrar's office, or in the office of a county clerk.  Otherwise, information excepted from disclosure could be obtained by simply going to another source holding that information.  It would seem to be a logical extension of that Opinion that the information is also excepted from disclosure when held by a hospital.  Information concerning legitimacy, parentage, and adoption would thus be excepted from required disclosure.  Rules 47a and 47b, Article 4477, V. T. C. S.

The above discussion is not intended to be exhaustive, but illustrative of certain information which may be in hospital medical records which is confidential by statute.

In Griswold v. Connecticutt, 381 U. S. 479 (1965) the United States Supreme Court spoke of "zones of privacy" which are protected from intrusion.  In Doe v. Bolton, 410 U. S. 179 (1973), the Court recognized a pregnant woman's constitutional right to make the abortion decision on

the basis of advice from her physician without the approval of a hospital committee or the concurrence of other doctors.  In his concurring opinion, Mr. Justice Douglas spoke specifically of "the right of privacy between physician and patient and the intimacy of relation which that entails." 410 U.S. at 219.  In dictum, the Court has said that the constitutionally protected privacy of family, marriage, motherhood, and procreation extends to the hospital.  Paris Adult Theatre I v. Slaton, 413 U.S. 49, 66 n. 13, (1973).

In Roe v. Ingram, 480 F. 2d 102 (2nd Cir. 1973), patients sought to enjoin enforcement of a New York statute requiring prescriptions of certain drugs to be forwarded to a confidential state central file.  The court held that the question of whether the patients' right of privacy enjoyed some degree of constitutional protection was a substantial one and ordered a three-judge court convened to consider it.  In this case, the court said:

> . . . If there is anything "obvious" about the constitutional right to privacy at the present time, it is that its limits remain to be worked out in future cases.  Should the constitutionally protected zone of privacy be extended beyond the area already recognized, the individual's interest in keeping to himself the existence of his physical ailments and his doctor's prescriptions for them would lie rather close in the continuum.  If New York had passed a statute directing that all prescriptions, or even all prescriptions of Schedule II drugs, must be published in the press, we do not think the State would have seriously contended, still less that the district judge would have held, that a constitutional attack was "obviously frivolous." That is enough to show that the question whether the right of privacy here asserted by the patients does enjoy some degree of constitutional protection is a substantial one.  Assuming that such a constitutionally protected right does exist, the plaintiffs have raised a further question whether the impairment of that right was justified by some larger interest which the State is entitled to pursue. (Footnotes omitted) (480 F. 2d at 108).

In the recent case of <u>Billings v. Atkinson,</u> 489 S. W. 2d 858 (Tex. 1973), the Texas Supreme Court recognized the right of privacy and approved the following definition of that right:

> . . . [I]t is the right to be free from the unwarranted
> appropriation or exploitation of one's personality,
> the publicizing of one's private affairs with which
> the public has no legitimate concern, or ..ne wrongful
> intrusion into one's private activities in such manner
> as to outrage or cause mental suffering, shame or
> humiliation to a person of ordinary sensibilities.
> (489 S. W. 2d at 859)

In Attorney General Opinion H-90 (1973), we said:

> . . . The doctrine announced in <u>Billings v. Atkinson,</u>
> supra, would seem to establish the confidentiality of
> certain types of information concerning a person's
> private affairs unless its revelation is warranted on
> some legitimate basis.  The broad language of the
> Supreme Court's opinion would seem to indicate that
> such matters as medical condition . . . would be
> classified as confidential and as being protected by
> the right of privacy.

The Open Records Act, Article 6252-17a, V. T. C. S., guarantees access to public records to <u>any</u> person, and does not permit inquiry into whether the person's interest is "legitimate" or "warranted." Sections 3(a), 5(b), 14(a). Thus, where intimate personal details are involved in information such as medical records held by a government agency, and where the issue is whether the general public may be given access to that information without any demonstration of legitimate concern, we believe that it probably would be held that the individual concerned has a common law right to control disclosure of that information to the general public.  While no Texas court has specifically considered the question of whether information concerning a person's medical condition is protected by the judicially developed right of privacy, as to the general

public, we believe that the information would be considered confidential by law and thus should be excepted under the Open Records Act.

In regard to the specific hospital medical records requested, the Parent-Child Program often obtains written consent from the mother to obtain the records concerning her and her child. In Morris v. Hoerster, 348 S. W. 2d 642 (Tex. Civ. App., Austin 1961, writ ref'd n. r. e.), the court held that a person may waive the confidentiality of his own medical records and obtain access to them even when they are made confidential by statute. We believe that a person may give effective consent to a state agency to obtain access to the person's hospital medical records, and to those of the person's child.

We do not undertake to review and pass upon particular consent forms which may be used.

## SUMMARY

Those medical records which are not made confidential by statutory law may be protected from forced public disclosure under the Open Records Act by a constitutional or common law right of privacy. Whatever confidentiality such records have may be waived by a written consent from the patient, his parents or guardian.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg