

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 15, 1974

The Honorable H. Q. Sibley, D. V. M.
Executive Director, Texas Animal
    Health Commission
1020 Sam Houston State Office Bldg.
Austin, Texas 78701

Opinion No. H- 305

Re: Must the Commission
furnish copies of official
documents to attorneys in
lawsuits not involving the
Commission?

Dear Dr. Sibley:

The facts involved in this file indicate that one James Hazelwood purchased a herd of cattle sometime prior to March 31, 1971, with the sale conditioned, in part, upon Mr. Hazelwood having the cattle inspected for brucellosis.

Mr. Hazelwood requested your Commission to perform the inspection and in fact such an inspection was performed on March 31, 1971. Many of the cattle were found to be infected and these facts were made known to Mr. Hazelwood.

Mr. Hazelwood is now in litigation with the person who sold the cattle to him and has requested that you furnish him with copies of documents in your office, and, more specifically:

    (1) a copy of the brucellosis quarantine

    (2) the date of the tests

    (3) the report of the laboratory or chemical analysis run on the herd
        and the number of reactors found

    (4) a copy of the quarantine release

(5) any prior tests, communications or other documents you may
have received prior to the quarantine in question regarding
the brucellosis condition in the subject herd.

He has particularly asked that the documents be certified as to their
authenticity so that he might present them into evidence in the lawsuit
without the necessity of taking depositions, etc.   He specifically cited
to you Article 3731a of the Texas Revised Civil Statutes which provides
in applicable part:

> "Section 1.   Any written instrument, certificate,
> record, part of record, return, report, or part
> of report, made by an officer of this State or of
> any governmental subdivision thereof, or by his
> deputy, or person or employee under his super-
> vision, in the performance of the functions of his
> office and employment, shall be, so far as relevant,
> admitted in the courts of this State as evidence of
> the matter stated therein, subject to the provisions
> in Section 3. "

Section 3 requires advance notice to the adverse party.

Section 4 provides in part:

> "Such writings may be evidenced by an official
> publication thereof or by a copy attested by the
> officer having the legal custody of the record, or by
> his deputy.   Except in the case of a copy of an
> official writing from a public office of this State
> or a subdivision thereof, the attestation shall
> be accompanied with a certificate that the attesting
> officer has the legal custody of such writing. . . .
> All such attested and certified instruments and
> the contents of the certificate and the title of the
> person making same, shall be evidence of the

> matters, statements, representations and
> title contained therein. "

The question you have submitted to us is:

> "Does the Commission have to furnish copies
> of official documents (eg., test charts, quarantines)
> to attorneys when there is a lawsuit involved which
> does not involve the Commission?"

We have not treated this as a request for a decision under Section 7, Article 6252-17a, V. T. C. S., the Open Records Act. It is our opinion that, whether or not the information which Mr. Hazelwood seeks would be available as public information under that Act, clearly he is entitled to it. There are circumstances under which a record, though public in the sense that it is maintained by a public agency, is not public in the sense that it is to be made available to any person who wishes to see it. Nevertheless, such records may be reviewed and are accessible to a particular person involved, Morris v. Hoerster, 377 S. W. 2d 841 (Tex. Civ. App., Austin, 1964, no writ); Open Records Decision No. 24 (1974).

The presence of brucellosis in a herd of cattle is a serious matter and our statutes, particularly Article 7014f-1, V. T. C. S., give your Commission broad powers to determine the disposition to be made of such animals. See Attorney General Opinion H-148 (1973).

It is our opinion that Mr. Hazelwood should have access to your files by which it was determined that his cattle were infected. Open Records Decision No. 24 (1974). Attorney General Opinion No. 249 (1974).

While you may do so, we know of no statute, however, that would require you to furnish him an authenticated copy of your records as provided in Article 3731a, V. T. C. S., or certified copy under Article 3731, V. T. C. S. Nor do the provisions of Section 24 of Article 7014f-1, V. T. C. S., that any written instrument issued by the Commission shall be admissible as evidence when certified, require that either you or the Commission certify. Of course, Mr. Hazelwood's attorney can proceed under the

various discovery rules of the Texas Rules of Civil Procedure to develop this evidence for trial purposes under subpoena.

## SUMMARY

Records of the Texas Animal Health Commission concerning an examination made of a herd of cattle for brucellosis are subject to inspection by the owner of the herd. It is not mandatory, however, that the Commission authenticate or certify the records so that they may be admissible upon a trial of a lawsuit growing out of the purchase of the herd.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee