**ROADRUNNER INVESTMENTS, INC., Appellant,**

v.

**TEXAS UTILITIES FUEL COMPANY, Appellee.**

No. 17704.

Court of Civil Appeals of Texas, Fort Worth.

April 9, 1976.

Rehearing Denied May 14, 1976.

Wilbur T. Knape, Bedford, for appellant.

Jennings, Montgomery & Dies, Graham, Worsham, Forsythe & Sampels, and John P. Pinkerton, Dallas, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal from a summary judgment granted defendant, Texas Utilities Fuel Company, in a suit brought by Roadrunner Investments, Inc., in which it seeks a permanent injunction prohibiting continuing trespass upon its property and an order for the defendant to remove its pipeline from plaintiff's property. Plaintiff contends, among other things, that defendant is a naked trespasser upon its property.

Plaintiff contends that the defendant has constructed a pipeline across its property outside of an easement claimed by defendant. Thus, one of its contentions is that the defendant, to the extent that its pipeline lies outside the boundary of the easement, is a trespasser.

We reverse and remand.

Roadrunner Investments, Inc., will be referred to as Roadrunner, and Texas Utilities Fuel Company will be referred to as TUFCO.

Roadrunner, in its petition, makes numerous contentions. Among them is the assertion that TUFCO is not a public utility, did not take Roadrunner's property for public use, does not regularly supply the public with a commodity or service, is a private enterprise, and the taking of Roadrunner's property violates Article 1, Section 17, of the Texas Constitution, because the acts of TUFCO constitute an unlawful invasion and appropriation of and trespass upon Roadrunner's property in violation of the above section of the Constitution.

TUFCO, in its answer, denies it has trespassed upon Roadrunner's property and contends that it has the right to use the right-of-way on which it has constructed a pipeline because of condemnation proceedings pending in this same court.

By way of "Conditional Cross-Petition" TUFCO states that its pipeline is not within the boundaries of the easement which it acquired through condemnation proceedings in Cause No. 12280, then TUFCO says it is entitled to condemn an additional easement in the cause now before this Court so that the pipeline it has heretofore constructed on the property will be within the new easement it is now seeking by way of cross-petition so that TUFCO would not then be trespassing upon Roadrunner's property. The summary judgment did not dispose of the cause of action asserted in this cross-petition.

TUFCO's summary judgment proof consists of various affidavits to the effect that TUFCO is chartered as a public utility and is authorized to build and operate pipelines for the purpose of transmitting natural gas and is therefore, by existing statutes, authorized to condemn property to carry out its purpose. The affidavits reflect that TUFCO purchases gas from producers and transmits it to electric utility companies. In the spring and fall of each year when the demand for gas is low it stores the gas in underground reservoirs to be withdrawn and used during periods of time when there is a peak load demand, when a pipeline may have erupted, and during other emergencies.

TUFCO's summary judgment proof reflects that it had filed a petition in Cause No. 12280 seeking an easement across Roadrunner's property, commissioners were appointed, Roadrunner was served with notice of hearing, the special commissioners awarded damages, the amount awarded was paid into the registry of the court. Therefore, TUFCO is entitled to immediate possession of the easement. Thereafter TUFCO filed an amended petition in that cause seeking a new easement that would encompass the pipeline it had theretofore constructed across Roadrunner's property. That cause is now pending in the same trial court from which this Cause No. 12304 has been appealed to this Court.

Roadrunner's summary judgment proof consists of an affidavit by its President stating that TUFCO is a naked trespasser upon Roadrunner's property.

TUFCO contends that Roadrunner's points of error should be overruled because they are indefinite and too general to comply with Rule 418, T.R.C.P.

In *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.Sup., 1970) the Supreme Court ruled that the simple statement, "THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT" is sufficient to comply with Rule 418, T.R.C.P. This interpretation of Rule 418 requires this Court to consider arguments as to all possible grounds upon which summary judgment should have been denied.

Roadrunner in its statement, argument and authorities asserts the trial court erred in granting the summary judgment because TUFCO invaded and trespassed upon uncondemned land·owned and possessed by Roadrunner. It further contends that TUFCO did not negative the fact that it is a naked trespasser upon Roadrunner's land and therefore failed to meet movant's burden of proof.

In *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.Sup., 1970) that court stated: ". . . the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action." See also *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41 (Tex.Sup., 1965).

Most of the summary judgment proof offered by Roadrunner cannot be considered by this Court because in the main it consists of hearsay, conclusions of law, sworn pleadings, and statements of what Roadrunner expects to prove. Ordinarily, pleadings, even if sworn, cannot be considered as summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.Sup., 1971).

However, by sifting through Roadrunner's summary judgment proof it appears that Roadrunner has raised the issue of trespass upon its property. TUFCO's summary judgment proof did not negate the contested issue of whether TUFCO is trespassing upon Roadrunner's property.

■ To be entitled to a summary judgment in this case it was essential that TUFCO establish as a matter of law that the pipeline it had constructed was located entirely within the easement it was entitled to use by reason of the previous condemnation action instituted by it.

■ It is our opinion that TUFCO, as movant, failed to sustain its burden of proof as above indicated, and for that reason was not entitled to summary judgment.

This point of error is sustained.

Judgment is reversed and remanded.