Harry **BAKER**, Ph.D., Appellant,

v.

Ronald E. **ALEXANDER**, Appellee.

No. 2–87–109–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 11, 1988.

William S. Harris, Fort Worth, for appellant.

Harold Calvin Ray and Associates and Harold Calvin Ray, Irving, for appellee.

Before FENDER, C.J., and HILL and KELTNER, JJ.

OPINION

HILL, Justice.

Harry Baker, a psychologist, appeals the judgment of the trial court that he turn over a file which he developed concerning Ronald E. Alexander, the appellee, in connection with court proceedings that included allegations that Alexander had physically abused one of his children. In his sole point of error, Baker contends that the trial court erred in requiring the disclosure or the file because it is his file and Alexander has not shown any right to disclosure.

We reverse and render judgment that Alexander take nothing by his suit, because we find that the trial court clearly abused its discretion in ordering disclosure of the file in this proceeding because Alexander has failed to establish a right of disclosure.

The trial court heard this case based upon stipulated testimony. In connection with allegations that Alexander had physically abused one of his children, a suit was filed in the Juvenile Court of Los Angeles County, California. The stipulation is not specific as to the nature of that suit. In connection with that suit, the Los Angeles court contacted Dr. Baker to do a psychological evaluation of Alexander, his two children, and Ramona Tuma, the children's mother and Alexander's former wife. Dr. Baker did so pursuant to the request of that court and furnished the court with his report. The California court appointed Dr. Baker to supervise visits between Alexander and his children in the Fort Worth–Dallas area.

Subsequently, Alexander filed a habeas corpus proceeding in the 256th District Court of Dallas County, seeking to regain custody of his children. The court denied him relief. The Dallas court found that there was concern about the children's welfare and appointed Tuma as their temporary managing conservator. Dr. Baker, who testified at the hearing, was appointed to supervise visits between Alexander and the children. Dr. Baker was subsequently released from that responsibility at his request.

At some point Tuma sought modification of managing conservatorship in the 256th District Court, after the California court had relinquished its jurisdiction over the children to the Texas courts. She amended her pleadings to seek termination of Alexander's parental rights to his two children. The court granted a judgment for termination of parental rights after Alexander failed to appear for trial. The Court of Appeals for the Fifth Court of Appeals District affirmed the judgment of the trial court.

More than a year after the Court of Appeals issued its opinion, Alexander filed this cause in the 153rd District Court of Tarrant County.

At no time did Ronald E. Alexander personally employ Harry Baker, Ph.D., as clinical psychologist to perform therapeutic or evaluative services for Mr. Alexander or any treatment of any sort. All services performed by Harry Baker, Ph.D., in connection with the termination of Mr. Alexander's parental rights, and all files developed by Harry Baker, Ph.D., in that connection were created at the request of and by appointment from either the Superior Court of California or the District Court of Dallas County, Texas. Baker did send Alexander a bill for his services after Alexander offered to pay part of the cost. The bill was never paid.

In his sole point of error, Baker contends that the trial court erred in requiring the disclosure of his file on Alexander because it is his file, and Alexander has not shown any right to disclosure.

The issue is whether or not a party in a suit affecting the parent-child relationship is entitled to disclosure of the file relating to himself developed by a psychologist who has been appointed by the district court to evaluate the parties to the suit, after the judgment in the suit has become final.

Alexander asserts a right to such disclosure, although he has presented no authority for such a right, and we are not aware of any.

Alexander contends that he is entitled to the records because there is a special relationship between himself and Dr. Baker, and because the records are quasi-public in nature.

We shall first examine Alexander's contention that a special relationship exists between himself and Dr. Baker, a relationship which entitles him to disclosure of the file.

■ Based on the evidence presented, we do not find that Alexander has established a relationship with Baker sufficient to justify disclosure of the file.

Alexander relies on the case of *Morris v. Hoerster*, 348 S.W.2d 642 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.). The *Morris* case is distinguishable for two reasons. First, the case involved a former patient of a state hospital who was seeking the records kept by the hospital during his confinement there, his request being related to pending litigation. *Id.* at 642. The court held that the petitioner had met the consent requirements of TEX.REV.CIV. STAT.ANN. art. 5547–87(a)(1) (Vernon 1958), a statute which dealt with disclosure of hospital records, but that the patient was required to show that the evidence requested was material and relevant for the purpose of his pending litigation. *Id.* at 643–44. This result seemed to be compelled both by the statute and by rule 737 of the Texas Rules of Civil Procedure, dealing with bills of discovery, which the appeals court appears to have determined to be the nature of a proceeding such as this. *Id.* at 643.

In this case, the stipulated testimony contains no indication of pending litigation. In fact, the stipulations indicate that any litigation has already been finally determined. If Alexander plans on presenting a bill of review with respect to the case in which his parental rights are terminated, the stipulated testimony fails to establish any possible materiality of Dr. Baker's report with respect to such a proceeding. Additionally, we note that the status of the relationship between Alexander and Baker was not that of a doctor and patient, or professional and client, as those terms are generally understood, and as the relationship existed in *Morris*.

■ Alexander also contends that he is entitled to the records because they are quasi-public in nature. His reliance on the case of *Pyramid Life Ins. Co. v. Masonic Hosp. Ass'n of Payne Co.*, 191 F.Supp. 51 (W.D.Okla.1961), is misplaced. The court in *Pyramid* held that records which a hospital is required to keep by law are quasi-public and that the hospital's patient has a right to the disclosure of those records, because the patient has a property right to the information portrayed in the records. In this case, Alexander has not demonstrated that Dr. Baker has any legal obligation to keep the records in question. Since Dr. Baker has no legal obligation to keep the records in question they are not "quasi-public" records within the rule as expressed in the *Pyramid* case relied on by Alexander. In addition, the stipulated evidence establishes that Alexander's status as to Dr. Baker was not that of a doctor and patient, as that term is generally understood and as it existed in *Pyramid*.

Since Alexander failed to establish any basis for a right to disclosure of the record sought in this proceeding, we sustain Dr. Baker's sole point of error.

We reverse and render judgment that Alexander take nothing by his suit.