IN THE COURT OF APPEALS

FILED

**February 3, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| JOHN T. MEADOR and wife, | ) | ROANE CHANCERY |
| PELEA E. MEADOR, | ) | C. A. NO. 03A01-9510-CH-00362 |
| | ) | |
| Plaintiffs-Appellants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. FRANK V. WILLIAMS III |
| | ) | CHANCELLOR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| CHARLES E. JOHNSON and JAMES O. | ) | APPEAL DISMISSED |
| CAMPBELL, | ) | |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| MILLARD V. OAKLEY, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

JAMES S. SMITH, JR., Rockwood, for Appellants.

WILLIAM H. SKELTON and MICHAEL S. KELLEY, Bass Berry & Sims, PLC, Knoxville for appellee, Millard V. Oakley.

O P I N I O N

McMurray, J.

This case originated in the trial court as a boundary line dispute. Before we examine the merits of the issues raised on appeal, however, it is necessary for us to address a preliminary issue, i.e., was a notice of appeal timely filed. If a notice of appeal was not timely filed, we have no jurisdiction to entertain this appeal. See Rule 4, Tennessee Rules of Appellate Procedure.

The appellee, Millard V. Oakley, moved the court to dismiss this appeal upon the grounds that the notice of appeal was not timely filed and we, therefore, have no jurisdiction to hear the case. This court acted upon the motion by deferring the motion to the panel designated to hear the case and ordered the respective parties to brief this issue along with other issues raised.

The history of this case is somewhat perplexing. The original plaintiffs, John T. Meador and wife, Pelea E. Meador (plaintiffs) filed an original action sometime in 1988 against the same defendants as in this case, Charles E. Johnson and James O. Campbell (defendants). The defendants, in that case filed a third-party action against Millard V. Oakley. The action apparently was

2

instituted as a boundary line dispute, however, counsel was allowed to amend his complaint at the trial to convert the action to an action in ejectment. The trial court, after a trial on the merits, found that the plaintiffs had failed to deraign their title to a common source and hence, failed to prove their title as required in an ejectment action. Apparently no appeal was taken from the judgment of the court in the first action.

The present action was instituted on January 4, 1991, seeking, among other things, the establishment of a common boundary between the lands of the plaintiffs and the defendants. Again, Millard V. Oakley was brought in as a third-party defendant.[1] Oakley filed a motion for summary judgment based upon the grounds of collateral estoppel and the statute of limitations. All defendants joined with him in the motion. After consideration of the motion for summary judgment, the court entered a judgment on March 16, 1992, sustaining the motion and dismissing the action. The judgment recited that the "summary judgment filed by all defendants is sustained upon the grounds set forth in said motion." On the same date, the plaintiffs filed a motion asking the court for findings of fact and conclusions of law.[2] The motion did not specify

---

[1]Millard V. Oakley was the vendor in the warranty deed by which defendants claim title.

[2]We are unable to ascertain from the record whether the judgment or motion was filed first. The plaintiffs assert in their briefs, however, that the motion was filed first.

3

whether the action sought was under Rule 52.01 or Rule 52.02, Tennessee Rules of Civil Procedure. Upon consideration of that motion, the trial court on December 3, 1992, ordered the parties to present proposed findings of fact and conclusions of law within thirty (30) days "after which time the court will render findings of fact and conclusions of law." No further action was taken until February 17, 1994, at which time the plaintiffs filed their proposed finding of fact and conclusions of law.

The plaintiffs filed their notice of appeal on June 7, 1995, before the trial court had acted upon proposed finding of fact and conclusions of law. The case in due course made its way to this court. The record as filed in this court reflected that the trial court had made no disposition of the motion for findings of fact and conclusions of law and remanded the case to the trial court. After remand, the trial court noted that "no findings of fact are required because the case was not tried on the merits but findings as to procedural matters are not prohibited and may be appropriate in this case to explain the state of the case for the purpose of appeal." The court thereafter recited as his findings the general history of the case leading up to the appeal. His findings are not inconsistent with the history of the case that we have set out above.

4

Firstly, we agree with the chancellor that no findings of fact and conclusions of law are necessary after disposition of a case on motion for summary judgment. Required findings of fact and conclusions of law are limited by Rule 52.01 to "actions tried upon the facts without a jury . . . ." Additionally, Rule 52.01 expressly and unequivocally states that findings of fact and conclusions of law are unnecessary on Rule 56 motions (summary judgments).

We find it instructive to recite Rules 52.01 and 52.02 of the Rules of Civil Procedure verbatim:

**52.01 Findings Required upon Request.**— **In all actions tried upon the facts without a jury**, and upon request made by any party prior to the entry of judgment, the court shall find the facts specially and shall state separately its conclusions of law thereon and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. **Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56** or any other motion except as provided in Rules 41.02 and 65.04(6). (Emphasis added).

**52.02 Amendment.** —Upon motion of a party made not later than thirty (30) days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may be raised on appeal whether or not the party raising the question has

made in the trial court an objection to such findings or
has made a motion to amend them or a motion for judgment.

Upon consideration, we are of the opinion that the above
rules, by their express terms, exclude motions for summary judgment
from their application. Clearly, Rule 52.01 relates only to
"actions tried upon the facts without a jury." Further Rule 52.01
applies only to cases where a final judgment has not been entered
after a trial on the merits. Rule 52.02, on the other hand allows
a party to file a motion asking the court to alter or amend its
findings or made additional findings and amend the judgment
accordingly. Rules 52.01 and 52.02 must be read in pari materia.
In so doing, the only rational conclusion that can be reached is
that the judgment mentioned in Rule 52.02 refers to a judgment
entered after an "action has been tried upon the facts." When
ruling upon a motion for summary judgment, the court does not try
a case upon its facts but simply makes a judgment as a matter of
law as to whether there are disputed material facts and whether the
movant is entitled to judgment as a matter of law.

While we do not find any reported authority in this jurisdic-
tion supporting the inapplicability of Rules 52.01 and 52.02 to
summary judgments, we do find support for this proposition in
Pinson v. Smith, an unreported opinion from this court, filed in
Jackson, February 27, 1996: In Pinson, it was stated:

6

> We note at this juncture that judgment was entered pursuant to RULE 56, which relieved the trial judge of the necessity of finding the facts or making conclusions of law. RULE 52.01, TENN. R. CIV. PRO. Even so, findings of fact are not appropriate under RULE 56 because there is no presumption of correctness of summary judgments since they involve questions of law only. (Emphasis ours).

Rule 52(a), Federal Rules of Civil Procedure which is similar to ours has been interpreted to exclude summary judgments from its application. In Dredge Corporation v. Penny, 338 F.2d 456 (1964), the court observed that there was no fact-finding function in conjunction with the entry of a summary judgment and that summary judgments are expressly excluded from the application of the rule. See also Florham Park Chevron, Inc., v. Chevron U.S.A., Inc., 680 F. Supp 159 (D.N.J. 1988) and the cases cited therein.

While we find the above conclusions to be dispositive of this issue, we will from an abundance of caution address the matter further. Assuming, arguendo, that the rules do in fact apply to summary judgments (a concept which we reject), it then is of extreme importance in this case as to whether the motion filed by the plaintiffs falls within the purview of Rule 52.01 or Rule 52.02. Simply stated, a motion filed pursuant to Rule 52.02 tolls the running of the time for the filing of a notice of appeal. Rule 52.01 does not. See Rule 59.02, Tennessee Rules of Civil Procedure. Further, if Rule 52.02 is inapplicable, no other motion

7

appears of record which would toll the time for the filing of the notice of appeal and the notice of appeal in this case is untimely and, we, therefore have no jurisdiction to consider the appeal.

The motion which was filed by the plaintiff did not designate whether it was filed pursuant to Rule 52.01 or Rule 52.02. In any event, it is well-settled law that on motions, the court will "look to substance rather than form." Bemis Co., Inc. v. Hines, 585 S.W.2d 574, 576 (Tenn. 1979). The motion under examination here is very concise. The body of the motion is copied verbatim as follows:

> Come now the plaintiffs, through counsel, and respectfully move the court for findings of fact and conclusions of law in this cause.

It seems crystal clear that the substance of the motion brings it entirely within the purview of Rule 52.01, Tennessee Rules of Civil Procedure. It is equally clear that the motion does not seek any relief available under Rule 52.02. Therefore, we must conclude that Rule 52.02 has no application.

The judgment of the court was entered on March 16, 1992. The notice of appeal was filed on June 7, 1995. Since rule 52.01 does not toll the running of the time for filing a notice of appeal, the

8

notice in this case was untimely filed and we have and have had no jurisdiction of the case. We candidly concede that our order of August 15, 1996, may have added to the perplexing state of this case. Since, however, at the time we issued the order, albeit unbeknown to us, we had no jurisdiction, the order must be held for naught. It is well-settled that, when the court has no jurisdiction of the subject-matter, it cannot be conferred either by waiver or consent, and all of its orders and decrees are a nullity. See County of Shelby v. City of Memphis, 363 S.W.2d 291 (Tenn. 1963) and other authorities cited therein.

We hold that the notice of appeal in this case was not timely filed and this appeal must be dismissed. Costs incident to this appeal are assessed to the appellant.

_____
Don T. McMurray, J.

CONCUR:

_____
Charles D. Susano, Jr., Judge

_____
William H. Inman, Senior Judge

9

IN THE COURT OF APPEALS

| | | |
|---|---|---|
| JOHN T. MEADOR and wife, | ) | ROANE CHANCERY |
| PELEA E. MEADOR, | ) | C. A. NO. 03A01-9510-CH-00362 |
| | ) | |
| Plaintiffs-Appellants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. FRANK V. WILLIAMS III |
| | ) | CHANCELLOR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| CHARLES E. JOHNSON and JAMES O. | ) | APPEAL DISMISSED |
| CAMPBELL, | ) | |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| MILLARD V. OAKLEY, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

**ORDER**

This appeal came on to be heard upon the record from the Chancery Court of Roane County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that the notice of appeal in this case was untimely filed and the appeal must be dismissed.

Costs incident to this appeal are assessed to the appellant.


PER CURIAM